## TAYLOR ET AL. VS. CITY OF ST. LOUIS.

1. To grade a street or alley, already dedicated to public use, is not an exercise of the eminent domain, so as to require compensation, if it be done skilfully and discreetly.

2. If a proprietor of lands, when laying them off as a part of a city, declare a part of them a public alley, no ordinance regularly declaring it such is necessary.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was a petition by appellants, charging that on the 13th day of August, 1846, and on other days in the said month, and in the months of September, October, November and December, the defendant injured the plaintiff as follows: that plaintiff was seized of a lot of land and buildings thereon, known as the block No. 175, fronting on an alley in the city, between 9th and 10th streets. That defendant wrongfully and illegally graded and paved said alley, which caused plaintiffs land on said alley to cave in, and the buildings to be in danger of falling; to prevent which plaintiffs were put to the expense of placing stone foundations under the buildings, and walling up the sides of the alley, amounting to the sum of $1200. That said grading and paving occasioned a nuisance to the property of plaintiffs, by causing water and offensive matter to collect in the alley, producing exhalations, deleterious to the health of plaintiffs tenants in the buildings, by which plaintiffs sustained damages to the amount of $1000. That defendant illegally imposed a special tax on the property of the plaintiffs to pay for grading and paving, amounting to $745 94, and exacted the payment thereof from plaintiffs, and claim $2945 94 in damages.

Defendant answers that she does not admit plaintiffs to be the owners of the property—admits the passing of the ordinance for the grading and paving the alley, and insists on her chartered rights to pave the same, the public interest requiring it. That the ordinance was complied with, and the expense of the grading and paving was legally assessed to the owners of the lots on the alleys, and insists that the work was so done that the defendant was not liable for damages, and that no injury arose from the work. Defendant insists that the accumulation of water and offensive matter in the alley, did not arise from the grading and paving, but because Franklin Avenue was not reduced to its proper grade, but had been graded and paved by private persons, with which defendant had nothing to do, and defendant was not responsible to plaintiffs in this action.

On the trial, the plaintiffs offered as evidence to the jury, a plat of Christy's addition to the city, embracing the lots and alleys in controversy, legally made out, acknowledged and recorded, dedicating this alley to the public; also ordinance, No. 1751, providing for grading and paving this alley as it was done, and proved that this property was in Christy's possession in 1835, and until his death—that the alley was a nuisance, but in witnesses' opinion was rendered worse after the work was done, and proved by the city register who kept the records, that he had looked and found no ordinance declaring this to be a public alley. Plaintiffs also proved by the administrator of Wm. Christy, deceased, that he had paid for walling up the alley, $770 54. Plaintiffs also proved that the end of a brick house had fallen in consequence of the grading, and that the walling done by Christy's administrator was necessary for the support of the houses on the alley. Plaintiffs also gave in evidence the city charters of 1822, '31, '35, '39, '41 and '43, and closed. Defendant proved by a practical engineer for 10 years, that grading and paving was done in

Taylor et al. vs. City of St. Louis.

1846-7—that the grade was proper, considering the grade of the adjoining streets; that the work was well done and according to ordinance; that the alley was a nuisance before this work was done, and that Franklin Avenue had filled up two feet since the work at the north end of the alley, which caused the water, &c., to accumulate in the alley; that he laid out the work according to ordinance, and that it was indispensably necessary to go up to the line of the buildings, and that it was so properly done. Defendant also proved by a witness that he knew the alley in 1842, and since and before the grading, the nuisance was too bad to lead a horse through it; that he tried for and got the contract, and that at one time, the nuisance was so bad he had to quit the work, and that he knew nothing to compare it to; that he had been engaged at such work for eight years, and he did not know an alley so well done. By another witness, defendant proved that she had superintended the work, and that it was well done according to ordinance, and that the nuisance was never so bad since the work was done as before; that he knew of no objections to the work by Christy's heirs. Defendant gave in evidence the proceeding of the board of health, declaring the alley a nuisance in its unpaved condition. Another witness proved that the work was in progress three or four months; that some of the plaintiffs lived in the city; that N. P. Taylor lived in the country, and often came to town by the way of Franklin Avenue, and that he knew of no objection to the work from any of them, and that the proceedings of the city counsel were published in the city papers. Defendant also gave in evidence ordinance No. 170, with the provisions of the several charters in reference to this subject.

Plaintiffs asked the following instructions:

1. That private property cannot be taken for public use without just compensation, and that this principle governs the State as a municipal corporation.

2. That where an alley is dedicated to the city, the dedication gives a mere easement for the public benefit; the fee simple in the soil remaining in the owners unaffected by the dedication, subject only to the right of way.

3. That if the city of St. Louis acquired the right of way by dedication, she cannot take the soil either perpendicularly or laterally, to alter such way without compensation, and if in taking the soil the buildings thereon were undermined or injured, the damages occasioned by such taking are direct, and the owner is entitled to indemnification.

4. That as between co-terminus proprietors of land, the right to support is a right of property necessarily practically attached to the soil, and one is not at liberty to make excavations which will draw the lateral support from the land of his neighbor, and cause the falling in of the remaining land.

5. The charter of the city gives no power to the mayor and council to grade an alley not established and opened according to law and ordinance.

6. That all delegated powers are matters of strict construction.

7. That where power is delegated on condition, the condition is part of the power, and unless complied with, the exercise of the power is illegal.

These instructions were not given, but the court instructed the jury,

1. That if they believe from the evidence that a map and plat of Christy's addition was made, acknowledged and certified, and that deposited with the recorder of St. Louis county, that the alley in question was laid down on said map and plat, and that the grading and paving of said alley was executed pursuant to any ordinance of the city of St. Louis, the defendant is not liable for any consequential injury resulting therefrom, unless the jury believe from the evidence that said injury was caused by the unskilful and negligent execution of the work by the agents and officers of the city.

2. In grading and paving a public alley, the city has a right to go to the line of said alley on either side; it is its duty to execute the work in such manner as is proper, and if any loss or injury is sustained in consequence, the city is not liable for such loss or injury to adjoining property

3. When an alley or highway is made public, and the fee is conveyed to the county or city, the city or county owning the fee may improve, grade, or repair the same, and any injury to

Taylor et al. vs. City of St. Louis.

adjoining property for grading the same in a skilful and proper manner, is not an appropriation of private property, for which the owner of said adjoining property can recover in an action against the city.

The verdict of the jury was for the defendant, and the plaintiffs have appealed.

### THOMPSON, for appellants.

I. The damages claimed by defendants are not consequential but direct. It has been held that for damages consequential upon the grading and paving of a street, the city is not liable. There are but two species of wrongs—direct and consequential. If the city is not liable for the present wrong, they are liable for none at all. The grading and paving power must be governed by the same rules which govern the other powers delegated by the city charter; City of St. Louis vs. Gurno, 12 Mo. R. p. 414.

II. The defendant is liable for the wrong done in the present case by the express terms of the city charter. The several city charters are in *pari materia*, and to be construed together. The charter of 1822 provides compensation to those whose property is taken in opening, extending and widening streets, &c. See sec. 14, New Rev. C. p. 53. The amendatory charter of 1831 goes farther, and gives compensation for damages caused by opening, widening, or in any manner altering alleys through blocks or squares of the city; these damages to be assessed by a jury. See 6 Rev. C. p. 56, 57. The expression, opening, widening or altering, is retained in all the subsequent charters. See Ch. of 1835, secs. 39, 40, 41, 42; New Rev. C. p. 64, 65. The word "grade" is introduced for the first time in the Chr. of 1839 see legis. powers, art. 3, sec. 8, Rev. C. p. 74; and in the same charter, provision is made for compensation in cases of taking property in altering, opening or widening a street. See art. 6, secs. 1, 2, 3, 4, Rev. C. p. 80. The amended Chr. of '41 has similar provisions; art. 6, secs. 1, 2, 3, 4, Rev. C. p. 92. So also with the last Chr. of 1845, art. 3, sec. 2, Rev. C. 101; art. 6, sec. 1, 2, 3, 4, 5, 8, Rev. C, p. 110. Also ordinance No. 2426, as to private property, Rev. C. 338, which speaks of damages and benefits accruing from "opening, widening, altering or extending" streets, lanes, &c.

III The city has no power to grade a street or alley not established and opened according to law and ordinance. Chr. 1843, art. 6, sec. 1.

IV The effect of filing the plat by ancestor of the plaintiffs, in his lifetime, with the county recorder, was to vest the fee simple of the alley in the county by dedication. See Rev. C. town plats, p. 1055. But for that statute the common law would have given the county a mere easement in the nature of a right of way, the fee remaining in the original owner void. 3 Kent Com. 433 n. By dedication, however, plaintiffs ancestors did not pass away the right of support to his buildings; that was an easement of his own. The right of support, as between coterminous owners of land is a right of property necessarily and naturally attached to the soil. See Taylor's law of landlord and tenant, p. 118; 3 Barn and Adolph. 871; 1 Sel. N. P. p. 444; Stansall vs. Tollard; a fortiori must the same principle prevail between the owners of a building lot in a city, and the city to whom a right of way is transferred. The statute says that the filing of the plat shall vest the fee simple of the land in the county in trust, and for the uses therein specified or intended, and no other use or purpose whatever. In the plat nothing was expressed but a right of way marked out by lines. Is it fair to imply that the party dedicating intended the right of way to be used so as to destroy his building.

V. This was a taking of private property for public purposes, within the charter and within the constitution. 13 Wend., People vs. Canal Appraisers.

In proceedings under the act relative to streets in the city of Albany, in the assessment of damages, awarded to owners of ground for widening a street, the jury in finding the amount to be paid by the owner or occupant of a lot having a dwelling house or other building upon it, have not the right to regard such lot as vacant and unimproved, but must deduct from the whole amount of benefit, such damage, if any, as will be done to the building, or such ex-

pense as will be incurred by the owner in consequence of the alteration in the street. 9 Wend. 244, Canal Bank of Albany vs. Mayor et al of Albany. In Hooker vs. a canal company in Connecticut, the supreme court held that an injury to land which deprives the owner of the ordinary use of it, is equivalent to a taking, and that where compensation is not provided for, the owner is entitled to damages. U. S. Dig. Vol. 1, p. 401.

To take private property for public use, without just compensation, is not only unconstitutional, but a violation of natural right and justice; a statute to that effect is therefore null and void. 20 J. R. 103, Bradshaw vs. Rogers; Bonaparte vs. Camden and Amboy R. R. Co., Baldwin C. C. R. 219, common law on the subject, 1 Chitty's Blackstone p, 140 and notes; Kent's Com. 2 vol. 338; Constitution of Mo. art. 13, sec 7; see also Taylor's landlord and tenant laws, p. 117.

KIRTLY, for appellees.

I. The court below was right in excluding the instructions offered by the plaintiffs.

1. The first ought not to have been given, because, in this case there is no private property taken by the city or applied to public use to which plaintiffs had any right or title whatever.

2. The second is a total misapprehension of the law in supposing that the fee simple of the soil in this alley remained in these plaintiffs, unaffected by their dedication of it, subject only to the right of way.

3. The third, is based on the idea, with the additional error, that any injury resulting in the case supposed could be direct and not consequential.

4. The fourth is a fanciful error, in supposing that the city had no right to grade this alley dedicated to the public, years before by plaintiffs, the effect of which would be to withdraw the lateral support from the conterminous lots of the plaintiffs.

5. It is a sufficient answer to the fifth to say that it required no city ordinance to establish and open an alley that had been, years before, established and opened by the dedication of plaintiffs ancestors.

6. The sixth, that delegated powers, are matters of strict construction, is a mere abstraction.

II. The instructions that were given by the court were sound law, applicable to the case, and are sustained by the decision in the 12 vol. Mo. R., Gurno vs. City St. Louis, p. 414, and authorities there cited.

III. The verdict and judgment below was correct, and the motion for new trial properly overruled.

NAPTON, J., delivered the opinion of the court.

This case falls within the principle settled by this court in Gurno vs. City St. Louis, (12 Mo. R. 414.) The facts as we may assume them from the instructions are not distinguishable from the case of Callender vs. Marsh (1 Pick., 418.) The whole subject is very fully discussed in Hooker vs. New Haven & N. Co., 14 Conn. R., 146, and in the court of kings bench in the Governor and company of the British Cast Plate Manufactures vs. Meredith and others, 4 Yerger R., 794.

In the present action, the street or alley in question was laid out by the plaintiffs themselves or their ancesstor, and the probability of its

being graded, when the public interest required it, must have been cal-culated on when the buildings were erected. To grade a street or alley, already dedicated to public use, is not an exercise of the eminent domain, so as to require compensation. It is not appropriating private property to public use, but simply an exercise of power over what is already public property. The damage resulting, by causing the plaintiffs to rebuild or prop up their falling walls is consequential, and as it is a consequence of the exercise of a power granted by the State to municipal corporations, for public purposes, and the power has not been abused, but skilfully and discreetly exercised the city authorities are not responsible.

It is also objected in this case, that the alley in question had never been regularly declared by ordinance as a public alley, previous to the passage of the ordinance which authorized its grading. This we think was unnecessary, since the proprietors had themselves, when laying off lands as a part of the city, declared it as a public alley.

Judgment affirmed.