GREEN *v.* CITY OF TACOMA *et al.*

*(Circuit Court, D. Washington, W. D.   August 10, 1892.)*

EMINENT DOMAIN—ILLEGAL TAKING—EJECTMENT.
    Where a city takes possession of private lands, and constructs a street and street railway thereon, in the absence of the owner and without her knowledge, consent, or acquiescence, she can thereafter maintain an action for the recovery thereof, notwithstanding the public use.

At Law.   Action by Lillian I. Green against the city of Tacoma and others to recover possession of land occupied as a street.   Demurrer to complaint overruled.

*J. C. Stallcup,* for plaintiff.
*F. H. Murray,* City Atty., and *Crowley & Sullivan,* for defendants.

HANFORD, District Judge.   In her original complaint the plaintiff claimed damages equal to the value of a strip of land situated in the city of Tacoma, which without her consent the city has attempted to devote to public use as a street.   Upon the authority of the decision of the supreme court of this state in *City of Tacoma* v. *State,* 29 Pac. Rep. 847, this court held that the attempt of the city to appropriate the said land was without legal authority, that the plaintiff had not been divested of her title, and therefore she could not exact compensation as if she had been deprived of said property, and on that ground sustained a demurrer to said complaint.   The plaintiff then filed an amended complaint setting up her title to the land as owner in fee, and alleging ouster and wrongful withholding of possession by the city, and praying for a judgment that she recover the said premises, and for damages, including loss of rents and profits, and compensation for injuries done by grading the street and constructing a street railway therein, which acts of trespass

alleged to have been committed in her absence, and without her knowledge or consent. The several street railway companies joined with the city as defendants now appear and demur to said amended complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The laws of this state give to an owner of real property who is entitled to the immediate possession thereof a right of action against any person who, being in possession, holds the same against the owner's will, or who claims the title to, or an interest in, said property adversely to such owner. And in such action every question affecting the title and right of possession may be determined, and the owner may recover possession of the property, and damages. 2 Hill's Code, § 529.

The authorities cited in support of the demurrer are not in point. In the case of *Cincinnati* v. *White*, 6 Pet. 431, the supreme court of the United States held that, after the dedication of land to public use by an equitable owner, the holder of the legal title could not maintain ejectment to recover it. This was on the ground that the plaintiff in an ejectment case must have the legal title, and also a clear right of possession. Other authorities cited by counsel for the defendants are cases which were decided adversely to the plaintiffs therein on various grounds; the decision in each case being founded upon some general and familiar rule of law or principle of equity, as in the case of *Railway Co.* v. *Smith*, 15 N. E. Rep. 256, in which the supreme court of Indiana held that a landowner who stands by and acquiesces until a railroad company has expended money, and constructed its track across his land, so that the track at that point has become part of its line, cannot, in a court of equity, maintain an injunction suit against a corporation which has succeeded to its right and franchises, by purchase at foreclosure sale, without notice of any claim or objection on the part of such landowner. In the case at bar the amended complaint does not show that the plaintiff has ever acquiesced in the construction of a railroad across her property, or stood by and kept silent while the expenditure of money was being made, nor any facts from which an estoppel can arise. On the contrary, she alleges, as if anticipating such a defense, that she was not present when the trespasses complained of were committed, and not informed thereof until after they were committed. Mere failure on the part of a landowner to constantly guard his premises, and warn intruders not to trespass thereon, cannot be sufficient cause for denying him a right of action to recover his own. Lewis, Em. Dom. §§ 647, 648.

Demurrer overruled.