Argued 20 July, decided 28 August, 1905.

### WHELAN *v.* McMAHAN.

82 Pac. 19.

EQUITY JURISDICTION TO SET-OFF JUDGMENTS — REMEDY AT LAW.

1. The exercise by a court of equity of its jurisdiction to set off one judgment against another depends upon the inadequacy of the remedy at law, resulting from the existence of some supervening equity, such as insolvency, nonresidence, or the like. The mere existence of cross-demands is of itself insufficient.

SETTING OFF JUDGMENTS — INSOLVENCY — NEED OF PROOF.

2. Where insolvency is alleged as a ground for the exercise by equity of its jurisdiction to set off cross-judgments, the allegation is material, and must be sustained by proof, in order to entitle the applicant therefor to relief.

APPEAL — FINAL ORDER ENTERED WITHOUT JURISDICTION OF CAUSE.

3. A final order entered in a case wherein the court is without jurisdiction of the cause of suit does not terminate the controversy, but is appealable.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by Walter Whelan against L. H. McMahan and another for a decree setting off a judgment for $47 and costs, recovered by the plaintiff against the defendant in the justice's court for Salem district, against two judgments recovered by the defendant against the plaintiff in the circuit court for Marion County. The ground of equitable jurisdiction, as alleged, is that the defendant is insolvent and has no property out of which the judgment against him can be collected. The allegation of insolvency is denied by the answer, and defendant pleads affirmatively that prior to the commencement of this suit he paid and discharged the judgment against him in the justice's court. The plaintiff had decree in the court below, and defendant McMahan appeals.          REVERSED.

For appellant there was a brief and an oral argument by *Chas. L. McNary* and *Mr. Samuel T. Richardson.*

For respondent there was an oral argument by *Mr. John A. Jeffrey.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The jurisdiction to set off one judgment against another was assumed by courts of equity at an early date, and still exits (25 Am. & Eng. Enc. Law, 2 ed., 610); but its exercise depends upon the inadequacy of the remedy at law. It is only when there is some supervening equity, such as insolvency, nonresidence, or the like, which renders the interposition of the court necessary to protect the rights of the plaintiff that it will intervene at all. The

mere existence of cross-demands is not sufficient: 25 Am. & Eng. Enc. Law (2 ed.), 543; 2 Story, Equity (10 ed.), § 1436; 1 High, Injunctions (3 ed.), § 242; Waterman, Set-Off (2 ed.), § 445; *Tribble* v. *Taul*, 7 T. B. Mon. 458; *Haskins* v. *Jordan*, 123 Cal. 157 (55 Pac. 786); *Whitehead* v. *Jessup*, 7 Colo. App. 460 (43 Pac. 1042).

2. "If both parties were solvent," says the Supreme Court of Tennessee, "so that both debts might ultimately be collected, the law would afford adequate relief, and no injustice would be wrought to either party. The one could not suffer by having to pay his own debt according to his contract, if he could ultimately compel the other to pay his debt according to his contract": *Nashville Trust Co.* v. *Bank*, 91 Tenn. 351 (18 S. W. 822, 15 L. R. A. 710). The insolvency of the defendant is therefore a material allegation of the complaint, and must be sustained by the proof, or plaintiff is not entitled to relief in equity: *Hamilton* v. *Van Hook*, 28 Tex. 302. Now, the plaintiff offered no evidence whatever on this subject, except the return "Nulla bona" on an execution issued on the judgment in his favor, while the defendant testified that he was the owner in his own right of an undivided one half interest in 160 acres of land, worth about $9,000, incumbered for only $2,000, and that he was also the owner of notes and accounts of the value of $2,000. This evidence stands absolutely uncontradicted, and there is no testimony that defendant is indebted in any sum whatever, unless it is the amount due on plaintiff's judgment, and that he disputes, and gave evidence tending to show that he paid the judgment prior to the commencement of this suit. The plaintiff, therefore, fails in his proof, and does not show a case calling for equitable relief.

3. It is suggested that there is no real controversy between the parties on this appeal, because there is but two dollars' difference between the amounts due on their

respective judgments, and that such sum was paid into court at the time the decree was rendered, and the court simply set off one judgment against the other, without taxing costs against the defendant. But, unless the court had jurisdiction to hear and determine the cause by reason of the insolvency of the defendant, it could not render a decree that would terminate the controversy or prevent an appeal.

The decree is reversed, and the complaint dismissed.

REVERSED.