Argued 20 July, decided 28 August, 1905.

## DAVIS *v.* SILVERTON.

82 Pac. 16.

MUNICIPAL CORPORATIONS — UNAUTHORIZED ENCROACHMENT ON PROP
ERTY — EFFECT ON IMPROVEMENT PROCEEDINGS — INJUNCTION.

1. Where a city by valid proceedings authorizes the grading of a street and assesses benefits against the abutting property, without any pretense of widening the street or of appropriating abutting property for that purpose, the fact that its officials or agents in making the improvement wrongfully and unlawfully, but unintentionally and without design, encroach upon the lots of an abutter, does not invalidate the proceedings or authorize the abutter to enjoin the collection of the assessment levied against him.

LIABILITY OF CITY FOR TRESPASS OR UNLAWFUL SEIZURE.

2. A municipal corporation has no more right to encroach upon or seize private property than an individual has, and for such action it is liable in damages.

EFFECT ON TITLE OF ENCROACHMENT BY MUNICIPALITY ON PRIVATE
PROPERTY OF A CITIZEN.

3. A city cannot acquire title to real property by seizing it or committing a permanent trespass, as by extending or widening a street without proper proceedings or sufficient authority.

STREET IMPROVEMENTS — INJURY TO ABUTTING PROPERTY.

4. Where a city, in grading a street, exercises care and skill in doing the work, and does not encroach on abutting property, any injury to such property resulting therefrom is damnum absque injuria.

EQUITY — JURISDICTION — FAILURE OF EQUITABLE JURISDICTION — EFFECT
ON LEGAL RELIEF.

5. The fact that an abutting owner has a cause of action against the city for unlawfully encroaching upon his property while grading the street does not authorize him to enforce his right to damages in a suit in equity to enjoin the collection of the assessment levied against his property for the grading, where the proceedings leading up to making the assessment were regular, and the injunction relief, which is made the basis of equitable jurisdiction, cannot be properly granted.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a suit for an injunction by Susan M. Davis against the City of Silverton and its Chief of Police. The amended complaint sets out that the City of Silverton is a municipality; that C. N. Matlock is its chief of police; that plaintiff is the owner of lots 3 and 12 in said city;

that said lots abut on First Street; that plaintiff had formerly constructed along the line of her lots on First Street a stone wall, of the reasonable value of $200; that on August 3, 1903, the common council of the city passed Ordinance No. 47, entitled:

"An ordinance ordering First Street from the south line of Lewis Street to the south line of A Street in Brown's Addition to Silverton improved, making assessment against the abutting property to defray the expenses of the same, and fixing the time and manner of the payment of such tax."

A copy of the ordinance is then set out and it is alleged that thereafter —

"The said defendant by and through its common council, and by virtue of the said Ordinance No. 47, without any authority of law, and assuming that the said Brown's Addition had been legally dedicated and laid out as required by law, undertook to improve and widen said First Street, as known with reference to Brown's Addition, in said City of Silverton, and in so doing wrongfully and unlawfully undertook to condemn and convert to its own use a certain portion of said plaintiff's property abutting on said First Street, and against her protest tore down and destroyed her said stone wall on her said property, as hereinbefore alleged, and attempted to convert said property to its own use with reference to said street as claimed to exist by said defendant, to plaintiff's damage in the sum of $200, and without any legal right whatsoever, and without any pretended authority whatever, except as claimed by said defendant under said Ordinance No. 47, and the further proceedings with reference thereto."

These proceedings are stated as follows:

"That on or about the 14th day of December, 1903, the common council of defendant undertook with reference to the condemning and appropriating the property of said plaintiff as aforesaid, passed Ordinance No. 48, entitled 'A bill for ordinance to provide for notice to parties in relation to assessment of property for street improvements.'"

This ordinance also is then set out in full.

It is further alleged that thereafter defendant, through its common council, passed Ordinance No. 49, entitled:

"A bill for an ordinance declaring the cost of improvement of First Street, from the north line of Lewis Street, to A Street, in Brown's Addition to the City of Silverton, and directing the share thereof for each lot or part thereof, or parcel of land abutting on said street, and directing the entry thereof in the docket of city liens."

The pleader then gives this entire ordinance, which recites, among other things, the following:

"That the proportionate share of the hereinafter described property for the cost and expense of making said improvement on the part of First Street in front of and abutting on said property to the center of the street is $113.60, and that the proportionate share of the cost of said improvement to be assessed against said property is $113.60; that there be and is hereby assessed against said property for the proportionate share of said improvement the sum of $113.60; that Susan M. Davis is the owner thereof, and said property is described as follows: Lots number 3 and 12, in the Town of Silverton, south, County of Marion, State of Oregon, according to the Silverton town plat, and containing one half acre of land."

It is further alleged that thereafter, the plaintiff refusing to pay her assessment, a warrant was by resolution of the council issued and placed in the hands of the chief of police, who is now threatening to execute the same by levy and sale of plaintiff's said lots for the purpose of making the amount of said pretended assessment. This allegation then follows:

"That the said City of Silverton, under its charter and act of incorporation, is now clothed with no authority or power to undertake to appropriate private property in the manner attempted in the proceedings as set out in this complaint, and that the said City of Silverton, defendant herein, attempted to widen said First Street, and attempted

to make the same 60 feet in width, and that the only pro-ceedings taken by the said council of defendant in its attempt to widen said street are as hereinbefore set forth; that if the said First Street were permitted to remain widened as the said council has attempted by its said proceedings, the curbing line on said street would be and is now located, after the destruction of the said stone wall as aforesaid, upon the property of the plaintiff herein, there being no provision made whatever for a sidewalk."

Finally, it is alleged that, unless restrained, the chief of police will execute said warrant.

The relief demanded is that defendant be enjoined from further attempt to enforce the payment of the said assessment, and that plaintiff have a decree against defendant in the sum of $200 for damages sustained in the destruction of her said stone wall. There was a demurrer to the complaint, which was overruled, and the defendants answered, setting up some further and separate matter. The trial resulted in a decree enjoining further proceedings on the part of the city, and adjudged damages against it in the sum of $50, from which defendants appeal.

REVERSED.

For appellants there was a brief over the names of *L. J. Adams* and *George Greenway Bingham*, with an oral argument by *Mr. Bingham.*

For respondent there was a brief with oral arguments by *Mr. William Henry Holmes* and *Mr. Webster Holmes.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

Counsel for appellants insist that the demurrer was well taken, on the ground that the complaint does not state facts sufficient to constitute a cause of suit; but, waiving this, we will determine the controversy upon its merits. There is some discrepancy in the testimony as to whether plaintiff's retaining wall, which was constructed of stone, about 18 inches thick and 4 feet high, stood out in the

street or not. The plaintiff contends that it was on the line to which she and her predecessors had maintained exclusive possession, as her counsel say in their brief, for more than 25 years. The weight of the testimony, we think, however, shows that the wall was probably on the line at one end, but extended into the street some 9 inches at the other. However this may be, we may assume that plaintiff's wall was upon her line, and that there was an actual encroachment by the city upon her property in making the improvement. These conditions would show a trespass by the city, but not of themselves such that plaintiff is entitled to equitable relief. Both the complaint and the evidence offered in support thereof indicate unmistakably that the proceedings were begun and prosecuted with the sole purpose of grading and improving the street. Considered as a proceeding for an improvement, counsel make no objections to it, either constitutional or otherwise, challenging its regularity, and it is only as an attempt to widen the street and appropriate property therefor that they question its appropriateness and efficacy. So that, standing disconnected from the alleged attempt to widen the street and consequent encroachment upon plaintiff's property, the proceeding must be taken to have been sufficient to impress plaintiff's property with the assessment, and to authorize a sale of it for delinquency in payment. We look in vain, however, for any evidence of an attempt on the part of the city to use the proceedings which it inaugurated to subserve the purpose of widening the street and condemning private property therefor. Upon the other hand, the testimony shows that the city did the work in the prosecution of the improvement in good faith, believing that it was grading to the street line only, without any wilful design or purpose of encroaching upon private property, having, as it supposed, ascertained the true boundary dividing the street from plaintiff's property.

As bearing upon this subject, Albert Whitlock testified that he had been a surveyor in the city for eight years and that he had become familiar with the monuments; that he is familiar, also, with the west boundary line of plaintiff's lots bordering on First Street; that at the southeast corner of the lot the wall extended into the street 12 or 13 inches; that he had not measured it exactly; that at the other corner the wall above the ground was very close, within two or three inches of the line, but that the base extended out seven or eight inches; that he did the engineering work for the city in making the improvement, surveying and setting the grade stakes; that he determined the boundary lines of First Street by working from the monuments, and after they were determined he set the grade stakes and made the estimates of embankment and excavation necessary to bring the street to proper grade; that when the contract was let he superintended the work to see that the survey was followed; and that the line of improvement on the west boundary of plaintiff's property is as near the true street line as he could practically get it. This testimony indicates very clearly that the city was not making a pretense of one thing to accomplish another, but was pursuing in good faith a course it designed for making an improvement, and not for widening the street. Now, in doing the work, the grade being slightly lower than the foot of the wall, the city extended the excavation at one end somewhat under the wall, causing a portion of it, with other influences, perhaps, to settle and fall in, and the remainder was taken down and the stone put back on plaintiff's lots. There is some dispute as to whether or not she herself directed the remaining portion to be taken down and the stone disposed of as indicated. This is immaterial, however. The essential purpose of the suit is to enjoin the collection of the assessment made in pursuance of the proceedings for an improvement.

1. Now, it is alleged, along with the rest, that the city undertook to widen the street, and in so doing wrongfully and unlawfully attempted to condemn a portion of plaintiff's property, and, further, that the city is clothed with neither power nor authority to appropriate private property the manner attempted. These allegations, when taken and read in connection with the entire trend of the complaint, become mere conclusions that do not help the cause. Nor does the evidence support them or establish their truth. If in reality there was an encroachment upon plaintiff's lots, it was not by design to widen the street beyond the true boundary, and it could not, by any logical course of reasoning or principle involved, invalidate the the proceedings for the improvement of which the plaintiff complains. It is said in *Taylor* v. *St. Louis*, 14 Mo. 20 (55 Am. Dec. 89, 90), Mr. Justice NAPTON announcing the opinion : "To grade a street or alley already dedicated to public use is not an exercise of the eminent domain so as to require compensation. It is not appropriating private property to public use, but simply an exercise of power over what is already public property. The damage resulting, by causing the plaintiffs to rebuild or prop up their falling walls, is consequential, and as it is a consequence of the exercise of a power granted by the State to municipal corporations for public purposes, and the power has not been abused, but skillfully and discreetly exercised, the city authorities are not responsible." So, in *Transportation Company* v. *Chicago*, 99 U. S. 635, 641 (25 L. Ed. 336), Mr. Justice STRONG, speaking for the court, said: "It is undeniable that, in making the improvement of which the plaintiffs complain, the city was the agent of the State, and performing a public duty imposed upon it by the legislature, and that persons appointed or authorized by law to make or improve a highway are not answerable for con-

sequential damages, if they act within their jurisdiction and with care and skill, is a doctrine almost universally accepted alike in England and in this country. * * The decisions in Ohio, so far as we know, are the solitary exceptions. The doctrine, however it may at times appear to be at variance with natural justice, rests upon the soundest legal reason." See, further, *Mayor* v. *Omberg*, 28 Ga. 46 (73 Am. Dec. 748), and note to *Perry* v. *Worcester*, 66 Am. Dec. 431, 437, 438.

2. For a negligent or wilful encroachment or trespass by the city upon the property of a citizen, the latter has a remedy at law for damages: *Trotter* v. *Town of Stayton*, 45 Or. 301 (77 Pac. 395); *City of McGregor* v. *Boyle*, 34 Iowa, 269.

3. Defendant could acquire no title by an encroachment upon plaintiff under the proceedings inaugurated: *Vancouver* v. *Wintler*, 8 Wash. 378 (36 Pac. 278); *Green* v. *City of Tacoma* (C. C.), 51 Fed. 622.

4. So that, if the city did not improve beyond the line of the street, and exercised care and skill in doing the work, and plaintiff was injured, it was consequential, and damnum absque injuria. But, if there has been a trespass, the plaintiff has lost none of her property and she has her action for damages.

5. Plaintiff, however, asks for damages for the encroachment upon her premises as a part of her relief here. Being recoverable at law, it could have no place in an equitable proceeding, unless germane to the suit or growing out of the proceedings complained of. It is a familiar rule that, if equity acquires jurisdiction for one purpose, it will retain the cause for all purposes, and administer complete relief. The rule, however, does not operate to give the court jurisdiction to administer relief at law where the equity fails: *Love* v. *Morrill*, 19 Or. 545 (24 Pac. 916); *Dodd* v. *Home Mut. Ins. Co.* 22 Or. 3 (28 Pac. 881, 29 Pac. 3);

*Whalen* v. *McMahan*, 47 Or. 37. Such is the precise condition here. Plaintiff has failed in her main purpose — that of enjoining the collection of the assessment. The proceedings for the improvement being regular, and plaintiff having so failed, her equitable remedy is extinct. She might have had her relief to enjoin an encroachment and trespass while in the act, if the city was guilty of the like; but, the act having been accomplished, her remedy is to repossess herself of the property and sue for damages. For this she must be remitted to her action at law. We will not attempt, therefore, to determine whether the defendant in any way encroached upon plaintiff's lots, or whether or not she has been damaged by the city in the process of making the improvement. We could not administer the proper relief if we did.

The decree of the circuit court will be reversed, and the complaint dismissed.                          REVERSED.