ATLANTIC COAST LINE RAILROAD COMPANY v. TOWN OF AHOSKIE.

(Filed 6 October, 1926.)

**1. Municipal Corporations — Street Improvements — Assessments —Taxation.**

An assessment by a city upon owners of property along and adjoining a street to be improved, is laid with reference to the benefits the owners will receive from the improvement to be made, and differs therein from the levy of a municipal tax for general purposes.

**2. Same—Statutes.**

The power of a city to lay an assessment upon the lands of owners along or adjoining a street to be improved, is derived from the statutes applicable.

**3. Municipal Corporations—Assessments—Street Improvements—Statutes.**

Under our statute the improvement of a street by a city for which an assessment may be made upon adjoining owners of land, includes the grading, paving, repaving, macadamizing and remacadamizing thereof. C. S., 2703.

**4. Municipal Corporations—Cities and Towns—Street Improvements— Assessments—Statutes—Actions—Evidence—Issues.**

Under the provisions of our statute, it is necessary that there be an existing street in order for a valid assessment for improvements to be laid on the property of abutting owners, and this may be made an issue in the proceedings of the city commissioners to levy an assessment under our statute for improvements thereon, and the adjoining owner may introduce his evidence to show to the contrary. C. S., 2714.

CIVIL ACTION before *Cranmer, J.,* at April Term, 1926, of HERTFORD. The plaintiff, railroad company, owned a parcel of land in the town of Ahoskie, containing about one and one-half acres, and lying between Main Street and First Street in said town, which was used by it as a freight and passenger depot. The town of Ahoskie paved a street from Main Street to First Street across the property claimed by the railroad. The railroad property did not extend the whole distance between Main and First streets, but was a block of land between these two streets. The town claimed a public street running from Main Street to First Street across the property of the railroad. After paving the property the town levied an assessment against the railroad as an abutting owner. The railroad resisted the confirmation of the assessment on the ground that it was not an abutting owner for the reason that a large portion of the paving was entirely upon its own property. However, the town proceeded to confirm the assessment. It is conceded that the amount of the assessment is correct and that the assessment was properly computed.

Acting under C. S., 2714, the railroad appealed from the confirmation of the assessment and duly filed a statement of facts upon which is based its appeal. Among other things, it is alleged in the statement of facts that "the said Railroad Street, so-called, for the paving of which said Atlantic Coast Line Railroad Company is assessed, as above specified, does not at any point abut the property of the said railroad company, but is for a considerable distance, to wit, 480 feet on the southerly side of said alleged street and 430 feet on the northerly side thereof, entirely on the land and property of Atlantic Coast Line Railroad Company, which said company owns in fee simple. . . . That the town has never acquired the right to use said strip of land it calls Railroad Street as a street or public highway, either by condemnation, prescription or other lawful manner, etc. . . . That the said town did not have any lawful right to use appellant's land as a street or public highway."

There was another allegation that the railroad had protested before the work was done.

Upon appeal to the Superior Court at the conclusion of evidence, the trial judge, "being of the opinion that the title to the property paved cannot be litigated in this proceeding, and that respondent railroad company is therefore liable for assessment made by the town owners, allows motion of the town to dismiss the exceptions and appeal."

From this judgment plaintiff railroad appealed to the Supreme Court.

*F. S. Spruill and V. E. Phelps for plaintiff.*
*Thomas W. Davis, general solicitor of counsel.*
*Ehringhaus & Hall, W. W. Rogers and L. C. Williams, for defendant.*

BROGDEN, J. This appeal involves the validity of an assessment against the property of the plaintiff railroad by the defendant town. The plaintiff asserts that the assessment is illegal because it is the owner of the larger portion of the property between Main and First streets, and the town has not acquired title thereto. The town contends that the question of ownership cannot be determined in an appeal from the confirmation of the assessment under C. S., 2714, but that the plaintiff must resort to an independent action for the value of the property so taken.

Two propositions of law are involved in this case:

1. Is the assessment valid?

2. Can the validity of the assessment be challenged in an appeal from the confirmation thereof, as provided by C. S., 2714?

An assessment "as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements which are necessary to pay for the

improvement, and are laid with reference to the special benefit which the property is supposed to have derived therefrom." (Black's ·Law Dictionary) ; *Raleigh v. Peace,* 110 N. C., 32.

It is a creature of the statute and its validity must flow from the statute which authorizes it. *Raleigh v. Peace,* 110 N. C., 32; *Greensboro v. McAdoo,* 112 N. C., 361; *Morganton v. Avery,* 179 N. C., 551.

So that, in order to determine the validity of an assessment, it is necessary to examine the statute under which it is laid. The underlying theory upon which a valid assessment is based is that a local improvement has been made by a municipality, and that the property of all abutting owners derives a benefit therefrom, for which they should be compelled to pay. The assessment in this case is laid for the improvement of an alleged street called Railroad Street. Our statute, C. S., 2703, defines a street improvement as follows: "Street improvement includes the grading, regrading, paving, repaving, macadamizing and re-macadamizing of public streets and alleys, etc."

The petition, which is the jurisdictional foundation of the improvement, under the statute, must be signed "by a majority in number of the owners who must represent at least a majority of all the lineal feet or frontage of the lands . . . abutting upon the street or streets, or part of a street or streets proposed to be improved." The next stage of the proceeding is the resolution by the governing authority of a municipality "which shall designate by general description the report to be made and the street or streets or part or parts thereof where the work is to·be effected, etc."

Therefore, under our statute, one of the essential requisites of a·valid assessment is the existence of a public street or alley.

It is admitted that all of the requisites of a valid assessment appear except the one requiring the existence or establishment of a public street. The defendant contends that the property improved was a public street, and the plaintiff contends to the contrary. This was a fact to be established by evidence. An assessment, under the express language of our statute, implies the existence of a public street. If no public street existed, then no assessment can be legally laid upon abutting owners.

The second question involves the consideration of whether or not the disputed fact as to the existence of a public street can be tried on appeal from the confirmation of the assessment in accordance with C. S., 2714.

In determining this question the defendant town relies upon the cases of *Hunerberg v. Village of Hyde Park,* 22 N. E., p. 486; *Holmes v. Village of Hyde Park,* 13 N. E., 540; and *Village of Hyde Park v. Borden,* 94 Ill., 26. The principle of law involved in these cases is thus stated in the *Hunerberg case:* "That which we have already said is a sufficient justification of the ruling of the county court in excluding the

evidence offered for the purpose of showing that appellant was the owner
of the legal title to the east 33 feet of the lot covered by the street to
be improved. But, besides this, there is no provision made in the statute
to try titles to land in these proceedings to assess benefits upon property
to pay for public improvements, nor is the county court vested with
jurisdiction to try and determine the question of title to real estate.
If, as is claimed by appellant, he is the owner in fee of the 33 feet of
land, and is in the possession of the same, then such private property
of his cannot be taken for public use without he first receives just com-
pensation therefor, etc."

The reasoning in these cases does not apply to the case now under
consideration for the following reasons:

1. In the *Hunerberg case* there was no contention that a street did not
exist, but that plaintiff was the owner of a strip of land on the western
boundary of the street of 33 feet; or, in other words, the plaintiff owned
an encroachment upon the street sought to be improved.

2. An assessment is a creature of statute, and the Illinois statute is
fundamentally different from the North Carolina statute.

It appears from the case of *Leman v. City of Lake View,* 23 N. E., p.
346, relied upon by the defendant, that the Illinois statute provided that
when an ordinance was passed for making any local improvement and it
appeared that private property was necessary for making the improve-
ment, that a petition should be filed in some court of record of the county
in which the property was situated, praying that steps be taken to
ascertain the just compensation to be made for the private property
so taken or damaged in making the improvement. Revised Statutes, Ill.,
Hurd., ch. 24, sec. 13.

The case of *Davis v. City of Silverton,* 82 Pac., 16, and *Hockfield v.
Portland,* 142 Pac., 824, are both relied upon by the defendant. In the
*Davis case* it was admitted that the plaintiff's land abutted on First
Street; and also in the *Hockfield case* it was alleged and seems to have
been admitted that East Oak Street, which was the street in controversy,
was a public street of the city.

Under our statutes upon the subject an aggrieved party is given the
right of appeal to the Superior Court, and the case is to be tried upon
the statement of facts provided for in the statute.

In the case of *Brown v. Hillsboro,* 185 N. C., 376, it was held: "If
the plaintiff desires to attack an assessment when levied against his
property, the statute gives him remedy. C. S., 2714." And to the same
effect is *Leak v. Wadesboro,* 186 N. C., 689, holding that "other sections
provide for ascertaining the amount of and levying assessments, with the
right of appeal to the Superior Court in case of dissatisfaction by any
person against whom an assessment is made under section 2714."

In *Gunter v. Sanford,* 186 N. C., 452, it is held that "the statutes afford plaintiffs adequate means for litigating matters in controversy before the board of aldermen, and, if desired, by appeal from their decision to the Superior Court." *Anderson v. Albemarle,* 182 N. C., 434; *Tarboro v. Forbes,* 185 N. C., 59; *Long v. Rockingham,* 187 N. C., 199; *Holton v. Mocksville,* 189 N. C., 144.

In the *Anderson case, supra,* it was held that "in the absence of any showing to the contrary, assessments are presumed valid, and he who attacks their validity has the burden of establishing by competent evidence the contrary."

The conclusion of the whole matter, therefore, is whether or not this assessment was valid. If Railroad Street is a public street of the town of Ahoskie, then the town had the right to make a valid assessment against abutting owners. If it is not a public street, then no assessment under our statute could be properly made. This is a question of fact to be determined and established by competent evidence, and, certainly, the validity of the assessment under our statutes can be challenged in the assessment proceedings. Hence, the judgment dismissing the appeal and exceptions of the plaintiff was erroneous.

Reversed.