Argued March 4; reversed March 18; rehearing denied April 8, 1930

## WILSON ET UX. v. CITY OF PORTLAND

(285 P. 1030)

510

*L. E. Latourette,* Deputy City Attorney, of Portland (Frank S. Grant, City Attorney, of Portland, on the brief) for appellant.

*Louis E. Schmitt* and *Bradley Ewers,* both of Portland, for respondents.

RAND, J.   This is an action to recover damages alleged to have been occasioned to plaintiffs' property by a change in the grade of Interstate avenue at its intersection with Fremont street in the city of Portland.

The facts as disclosed by the complaint and established upon the trial are as follows: Plaintiffs are tenants by the entirety of lots 1 and 2 of block 3 in Cook's second addition to the city of Portland, on one of which lots they reside. Their property does not abut on Inter-

state avenue but is on the corner of Fremont street and Massachusetts avenue, more than one block distant from Interstate avenue and from the point where the change in the grade complained of took place. Fremont street crosses Interstate avenue at right angles and prior to the improvement of Interstate avenue the two streets crossed each other on the same level and plaintiffs used Fremont street and said intersection in going from their home to other parts of the city and returning therefrom. Because of the improvement they are now compelled, before reaching Interstate avenue, to follow Massachusetts avenue for one block and then Revere street for another block, and it is claimed that the two streets they are now compelled to use in reaching Interstate avenue are nothing but dirt roads and almost impassable. The improvement of Interstate avenue was made by the council of the city in pursuance of authority conferred by the charter and consisted of a regrading of the street, which required a cut to be made at said intersection of a depth which prevents passage between the two streets, and no bridge or viaduct has been erected thereover. By reason of said improvement Interstate avenue has become one of the principal arteries of traffic leading to and from the city. The city demurred to the complaint upon the ground that it was not liable for any consequential damage which might result to plaintiffs' property from the improvement by the city of Interstate avenue. The demurrer was overruled and the city answered, setting up that the improvement of Interstate avenue was a municipal improvement made pursuant to legislative authority conferred upon the city and that for the consequential damages resulting to adjacent properties from said improvement the city was not liable. The cause was tried to a jury and dur-

ing the progress of the trial the objection that an action would not lie against the city was urged by the city in objections made to the introduction of testimony, and a motion for a nonsuit and also by a motion for a directed verdict. These objections were all overruled and the jury was charged, in effect, that liability would attach to the city for the acts complained of in the complaint if it should find that the plaintiffs sustained damages by reason of the acts complained of. The trial resulted in a judgment for plaintiffs and the city has appealed.

There is no contention made either in the pleadings or proof that the action of the city in improving Interstate avenue constituted a physical invasion of plaintiffs' property or interfered in any way with plaintiffs' possession and use thereof, or that the work complained of was done in an unskillful or negligent manner. Plaintiffs are merely complaining of an improvement made by the city under legislative authority of the intersection of two public streets—an improvement which the city had authority to make and which was made in pursuance of the express authority conferred upon the city to lay out, establish and improve the public streets. Nor are the plaintiffs owners of any property abutting on Interstate avenue and, hence, they are not the owners in fee, subject to the public easement only, of any part of the streets on which the improvement was made. They, in common with all other citizens, are no longer able to pass over the intersection while proceeding along Fremont street. This is an inability which is shared alike by all persons who desire to use Fremont street at said point and constitutes no peculiar or special injury to plaintiffs not shared in common by all other users of the street. As stated, the fee in the street at the point of intersection

is not in plaintiffs. Their property is adjacent to that point but some distance away. But if they were abutting owners and owned a fee in a part of the streets at said intersection they could not complain of the consequential damages occasioned to their property by reason of the change in the grade in the absence of some constitutional, statutory or charter provision conferring such right. At common law a municipal corporation was not liable for damages to property resulting from a change of grade of a highway or street unless the work was negligently or unskillfully done. Accordingly, it has often been declared that a corporation is not liable for damages to adjacent property which results from a change in the grade of a public street, provided such change is legally made and the law authorizing it is substantially followed, and there is no negligence in making the change. In making the improvement, the municipality is the agent of the state and being authorized by law to make the improvement of the street, it is not answerable for consequential damages if the municipality acts within its jurisdiction and with due care and skill. See 5 McQuillin, Municipal Corporations (2d Ed.), § 2123, and authorities there cited. There is no constitutional or statutory provision in this state requiring compensation to be made in cases of this character, nor is there any charter provision of the city of Portland requiring payment for consequential damages in cases of this character. Our constitutional provision, unlike that of many other states, merely provides:

"Private property shall not be taken for public use, * * * without just compensation; nor, except in the case of the state, without such compensation first assessed and tendered:" Section 18, art. I, State Const.

The acts complained of did not amount to a taking of plaintiffs' property within the meaning of this provision and, hence, were not within the inhibition of that provision of the constitution.

The right of an abutting owner to maintain an action against a municipality or public corporation for consequential damages occasioned by the performance of acts duly authorized by law, such as those involved here, in the absence of some physical invasion of the property, has been denied in *Brand v. Multnomah County,* 38 Or. 79 (60 P. 390, 62 P. 209, 50 L. R. A. 389, 84 Am. St. Rep. 772); *Mead v. Portland,* 45 Or. 1 (76 P. 347); *Davis v. Silverton,* 47 Or. 171 (82 P. 16); *Barrett v. Union Bridge Co.,* 117 Or. 220 (243 P. 93, 45 A. L. R. 521). Under those decisions the city of Portland is not liable for the consequential damages occasioned to plaintiffs' property by the change in grade of Interstate avenue at its intersection with Fremont street, nor would it have been if plaintiffs had been abutting owners of property cornering on said intersection. There is no statute or charter provision requiring the city to pay consequential damages for the acts complained of and, hence, this action can not be maintained.

Certain authorities were cited by plaintiffs, announcing a different rule than that followed in this state, but these cases were in states having constitutional provisions requiring compensation to be made for property damaged, injured or destroyed, but no case has been cited where the constitutional provisions were identical with ours. In states having similar provisions prohibiting the taking of private property for public use without compensation, the general rule is stated

in the annotation to *Barrett v. Union Bridge Co.,* supra, in 45 A. L. R. 534, as follows:

"It has been very generally held that interference with access to the premises of an abutting owner by a public improvement in the street or highway, of the character under consideration herein, does not constitute a 'taking' or appropriation of private property for public use requiring compensation, within the meaning of the constitutional provision in that regard."

The annotator cites numerous cases including some Oregon cases which we have not deemed necessary to cite in support of our conclusion.

For these reasons the lower court erred in overruling the demurrer to the complaint and in refusing to sustain defendant's motions for a nonsuit and for a directed verdict and, since under the facts alleged and proved there is no liability upon the part of the city, the judgment will be reversed and the cause will be remanded with directions to dismiss the action, but without costs to either party upon this appeal.

COSHOW, C. J., MCBRIDE and ROSSMAN, JJ., concur.