Nick RICHARDS, Appellee,

v.

The CITY OF LAWTON, Oklahoma, a municipal corporation, Appellant.

No. 52439.

Supreme Court of Oklahoma.

June 9, 1981.

---

Russell D. Bennett, Lawton, for appellant.

Dennis Butler, Lawton, for appellee.

## MEMORANDUM DECISION

OPALA, Justice:

This cause is reached for consideration of appellee's petition for certiorari to the Court of Appeals, Div. 1. Upon examination of the record and of the instruments on file, certiorari is granted. The opinion of the Court of Appeals is vacated, the judgment of the trial court is reversed and the cause is remanded to the District Court, Comanche County, Hon. Jack Brock, Judge, with directions to render judgment for the City of Lawton because the record fails to support the occurrence of any actionable wrong. The court's decision, effected by this opinion in memorandum form as authorized Art. 7 § 5, Okl.Con., rests on the reasons to be recited.

1. This was a claim for damages from an alleged municipally-inflicted injury to an unimproved (vacant) tract of land. The harm is said to have been caused by the City's improper maintenance of drainage ditches built by it when the grade level of an abutting street was changed. The property—located in a business-zoned district—is claimed to have been rendered worthless for commercial development mainly because, after raising the street level some three feet above that of the land in suit, the City failed adequately to maintain the drainage ditches designed to protect the property from spilling waters. The present level of the street, combined with the clogged-up condition of the drainage ditches, is said to make the property extremely vulnerable to damage by flooding.

2. The City demurred to the petition and to the evidence. It also moved for a directed verdict. Its defense was anchored on the provisions of 11 O.S. 1971 § 82.[1] The cited statute—we are told—affords an exclusive remedy for damages caused by the change of an established street grade level. The argument advanced by the City is that since the terms of that statute contemplate recovery for damage to *permanent improvements only*, no liability can ever be predicated upon harm to *unimproved* land.

3. The Court of Appeals, which reversed the judgment of the trial court and remanded the cause with directions to dismiss the action, based its decision on the City's argument that § 82 does not avail to the owner as a foundation of municipal liability for recovery of damages to raw land from a change in grade.

4. We grant certiorari for the *sole* purpose of determining whether § 82 or the common-law was the foundation of the owner's claim in suit. We answer this question by characterizing the owner's suit as one in tort founded on common-law negligence.

5. The owner's claim against the City rests neither on the constitutional concept of "taking" nor on the maintenance of a common-law nuisance.[2] *No* argument is advanced here in support of either theory of recovery.

The Court of Appeals *mischaracterized* the suit as a *statutory* action under § 82. The owner's pleadings unmistakably demonstrate that he declared his claim upon a single cause of action *ex delicto* in common-law negligence. The owner's proof did not *vary* from the pleadings framework. The essential elements of the claim, as it was stated and as the owner's proof unfolded itself at the trial, appear to be: (a) the City's change of the abutting street grade, followed by a breach of duty properly to maintain the drainage ditches alongside that street, (b) exposed the premises to the hazard of flooding and (c) resulted in diminution of fair market value of the land or made that land undesirable for loan purposes.

■ 6. A common-law action against a municipality for damages to property from a change in grade of an abutting street or highway must be grounded in negligence. Municipal liability *sans* fault is not recognized.[3] The terms of § 82, which we find entirely inapposite here, do not operate to restrict municipal liability for a common-law tort. Rather, they clearly appear to provide an *additional* statutory cause of action, independent of fault, for damages to improvements only.[4]

7. The negligence for which recovery was sought here is said to have resulted from the City's alleged breach of its duty properly to maintain the drainage ditches rather than merely from negligence in changing the grade level of the abutting street.[5] Negligence in the actual act of

---

**1.** The terms of 11 O.S. 1971 § 82 [now codified as 11 O.S.Supp.1977 § 36–111] provide in pertinent part: "No change of any grade previously established by such city or incorporated town shall be made without making due compensation to the owners of abutting property *for any damage thereby caused to the permanent improvements erected thereon* with reference to the grade so previously established . . . ." (emphasis ours)

**2.** *City of Shawnee v. Bryant,* Okl., 310 P.2d 754, 759 [1957].

**3.** *Wilson v. Portland,* 132 Or. 509, 285 P. 1030, 1032 [1930]; McQuillin, 18 Municipal Corporations § 37.220 [3rd Ed. 1977].

**4.** Since the gravamen of this lawsuit is not fault-free liability under § 82 but rather common-law negligence, we need not reach the issue whether § 82 may ever be invoked as a basis for imposing liability for damages to unimproved (raw or vacant) land as well as to improvements thereon.

**5.** The concept of municipal immunity from liability for a "governmental" function, if still viable, could not afford the City a shield in this case. The maintenance of street, sewer and drainage systems is commonly viewed as "proprietary", *Oklahoma City v. Romano,* Okl., 433 P.2d 924, 926 [1967]; *City of Altus v. Martin,* Okl., 268 P.2d 228, 231 [1954]; *City of Mangum v. Garrett,* 200 Okl. 274, 192 P.2d 998, 1000 [1948]; *Spaur v. City of Pawhuska,* 172 Okl. 285, 43 P.2d 408, 409–410 [1935].

regrading was neither pled nor shown. The drainage system installed by the City after regrading was *admittedly* adequate.

An essential element in every common-law negligence-based tort claim is the occurrence of *damage* proximately caused by the breach of an alleged duty.[6] The elements of damage asserted by the owner to be permanent—expressed in terms of "diminution of fair market value" (or severe impairment of loan value)—may not be recovered in a negligence-based action for "exposure to flooding" unless, as a result of the City's negligence in failing properly to maintain the drainage ditches, permanent harm is shown to have occurred to the land from damage-dealing waters. The ill-maintained drainage ditches cannot be said to constitute a permanent harm to the property.[7]

8. The opinion of the Court of Appeals, published in 51 OBJ 2359, is accordingly vacated. Trial court's judgment is reversed and cause remanded with directions to render judgment for the City.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

---

6. *Loper v. Austin*, Okl., 596 P.2d 544, 546 (1979).

7. *City of Ardmore v. Orr*, 35 Okl. 305, 129 P. 867 [1913]; *Oklahoma City v. Bethel*, 175 Okl. 193, 51 P.2d 313 [1935]; McQuillin, 19 Municipal Corporations § 53.125 [3rd Ed. 1977]. Potential for physical damage to land from some neglected or violated duty is not enough to impose liability on a municipality when the action against it is founded on negligence. *City of Tulsa v. Caudle*, 193 Okl. 6, 141 P.2d 107, 108 [1943]. *Injuria absque damno*—legal harm without resulting damage—is not actionable when liability is sought to be predicated on common-law negligence. *Jackson v. Clark*, Okl., 264 P.2d 727, 728 [1953].