Argued and submitted November 30, 1987, reversed and remanded with instructions
July 6, 1988

HOLLAND DEVELOPMENTS, LTD.,
*Appellant,*

*v.*

MANUFACTURERS CONSULTANTS, INC., et al,
*Respondents.*

(A8409-05536; CA A43433)

756 P2d 1280

Rick T. Haselton, Portland, argued the cause for appellant. With him on the briefs were Carl R. Neil, and Lindsay, Hart, Neil & Weigler, Portland.

Frank J. Susak, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff, a British Columbia corporation (Holland), appeals from a judgment denying its motion for disbursement of supersedeas funds and granting a motion by defendants Manufacturers Consultants, Inc. (MCI), Billwiller and Smith to satisfy the judgment against them by an equitable offset against a related federal court judgment in their favor. We reverse.

On April 8, 1985, an Oregon trial court awarded judgment in favor of Holland in an action against defendants for misappropriation of trade secrets. It awarded Holland damages of $10,000 and costs and disbursements of $1,174.57 against all defendants, jointly and severally, and $2,340 against MCI only for costs and attorney's fees in defending against MCI's counterclaim. After entry of judgment by the trial court, the parties agreed to waive a supersedeas bond on appeal and agreed that defendants could post a certificate of deposit in the amount of $13,515 in lieu of the bond. On September 3, 1986, we affirmed the judgment of the trial court. *Holland Developments v. Manufacturers Consultants,* 81 Or App 57, 724 P2d 844 (1986). On February 19, 1986, in a federal court action related to the same controversy, MCI obtained a $34,379.06 judgment against Holland. On March 21, 1986, Holland's counsel filed a notice of claim of attorney's lien of $36,778.38 on the state court judgment and on the certificate of deposit.

On November 19, 1986, Holland moved for an order directing defendants to release the supersedeas funds so that they could be applied on its judgment. Defendants argued that the state court judgment in favor of Holland should be completely satisfied by an offset against MCI's federal court judgment against Holland. The trial court held that MCI could satisfy the state court judgment by an equitable offset of part of its judgment in the federal court case and, accordingly, was entitled to retain all of the supersedeas funds. The court also held that the offset had priority over Holland's counsel's lien. Holland appeals.

Holland argues that the trial court's allowance of the offset was error, because defendants failed to plead and prove

the prerequisites for an equitable offset.[1] A court of equity has jurisdiction to set off one judgment against another, but only when there is an inadequate remedy at law. As explained in *Whelan v. McMahan*, 47 Or 37, 38, 82 P 19 (1905): "[I]t is only when there is some supervening equity, such as insolvency, nonresidence, or the like, which renders the interposition of the court necessary to protect the rights of the plaintiff that it will intervene at all." The court in *Whelan* reversed the trial court's order that allowed an offset of one judgment against the other, because the plaintiff had failed to prove the insolvency of the defendant and thereby show the need for equitable relief.

The trial court relied on *Whelan* to support its statement that "Oregon has recognized non-residency of the opposing judgment debtor as sufficient to invoke equity to allow an offset." Holland argues that nonresidency *per se* is not enough to support an equitable offset and that defendants must show that the judgment is uncollectible at law. We agree. Although the court in *Whelan* used insolvency and nonresidency as examples of supervening equities which would require the intervention of equity, it also requires that the party seeking the setoff prove that the supervening equity required the intervention of the court to protect its rights. Here, defendants failed to satisfy their burden of showing that MCI had been unable to collect its judgment against Holland by legal remedies. Although MCI asserted that its judgment was uncollectible because Holland, a Canadian corporation, is a nonresident, it offered no evidence that it had attempted unsuccessfully to collect from Holland or that the nonresidency necessarily impaired their ability to collect the judgment. Defendants have not proven that their remedy at law is inadequate. Therefore, we reverse.

Reversed and remanded with instructions to grant plaintiff's motion for order directing disbursement of supersedeas funds.

---

[1] Holland also argues that, even if defendants properly pled and proved the prerequisites for an equitable offset, MCI was not entitled to interpose its federal judgment to frustrate collection efforts against the other defendants, Smith and Billwiler, who were not parties to the federal case and that, even if MCI was entitled to an equitable offset, Holland's counsel's lien has priority over the claim of offset. In view of our disposition of the case, we do not address those issues.