On motion to dismiss, decided February 27, rehearing denied March 19, 1912.

## TAYLOR *v.* TAYLOR.

[121 Pac. 431: 121 Pac. 964.]

APPEAL AND ERROR—DECISIONS APPEALABLE—ORDERS VACATING DE-
FAULTS—"FINAL JUDGMENT"—"NEW TRIAL"—"TRIAL."

1. An order vacating a default decree of divorce and allowing defendant to answer in accordance with Section 59, L. O. L., is not an appealable order within Section 548, providing that appeals will lie from final judgment and decrees, in effect determining the action and orders setting aside the judgment and granting a new trial, for the order is not a final one determining the suit, and neither is it an order granting a new trial which is defined by Section 173 as a re-examination of an issue of fact in the same court after judgment, for this order only vacates a default, and there has been no trial which is defined by Section 113 as the judicial examination of the issues between the parties.

APPEAL AND ERROR—REVIEWS—SCOPE OF REVIEW.

2. On appeal from a final decree, every intermediate order may be reviewed.

DIVORCE—DEFAULTS—VACATION.

3. In an action for divorce where defendant, who was served with summons by publication and against whom a default decree was taken, filed a motion supported by affidavit, asking to be allowed to defend, and at the same time tendered her answer, the trial court, under Section 59, L. O. L., providing that a defendant against whom publication is ordered may, upon good cause shown, be allowed  to  defend  after  judgment, properly set aside the default judgment without waiting for the defense to be established.

DIVORCE—DEFAULTS—VACATION.

4. Section 59, L. O. L., providing that a defendant against whom publication is ordered may upon good cause shown be allowed to defend after judgment on such terms as may be just, applies to suits for divorce.

Sig. 9

APPEAL AND ERROR—MOTION TO DISMISS—MATTERS CONSIDERED.
   5. On motion to dismiss, on the ground that it was not an appeal from a final judgment an appeal from an order vacating a decree for divorce, matters relating to merits cannot be considered.

From Clackamas. JAMES A. EAKIN, Judge.

This is a suit by Charles D. Taylor against Minnie N. Taylor for a divorce. From an order entered by the lower court vacating a default decree, plaintiff appeals. Respondent files motion to dismiss appeal which motion is sustained.          APPEAL DISMISSED.

*Messrs. Flegel & Reynolds* for the motion.

*Mr. George C. Brownell* and *Mr. William M. Stone,* contra.

Opinion by MR. CHIEF JUSTICE EAKIN.

1. This is a suit for a divorce. Defendant was served with summons by publication, and default and decree were rendered against her. Thereafter, within a year, defendant appeared under Section 59, L. O. L., which provides that "the defendant against whom publication is ordered * * may * * upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment * . * on such terms as may be just, * * and by motion supported by affidavit asked to be allowed to defend the suit, and at the same time tendered her answer.

This application was deemed sufficient by the trial court and it made an order vacating the decree and allowed the answer to be filed, from which order plaintiff appeals. Defendant has filed a motion in this court to dismiss the appeal, for the reason that the order is not a decree within the purview of Section 548, L. O. L., which provides that:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit, so as to prevent a judgment or decree

therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree."

The last clause of this section is an amendment adopted by the laws of 1907, p. 313, and, prior to such amendment, no appeal would lie from an order granting a new trial. *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710). This amendment was held to be constitutional in *Blumauer Frank Drug Co.* v. *Horticultural Fire Relief of Oregon,* 59 Or. 58 (112 Pac. 1084).

The order appealed from does not determine the suit, and is not final unless made so by Section 548, and the only question involved here is whether this order is one contemplated by that amendment. New trials are provided for in Sections 173 to 178, L. O. L. A new trial is a re-examination of an issue of fact in the same court after judgment, and Sections 174, 175, provide when and in what manner a judgment may be vacated and a new trial granted; and an order therefor is one from which an appeal is allowed by the added clause of Section 548, but does not include an order made upon an application for leave to answer under Section 59. In the latter case no issues have been formed, and no trial had. Section 113, L. O. L., provides that, "A trial is the judicial examination of the issues between the parties," and therefore the order from which the appeal is taken is not a decree within Section 548 as it was not an order for a new trial. See *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145). The case of *Waymire* v. *Shipley,* 52 Or. 465 (97 Pac. 807), relied upon by plaintiff as holding that such an order will be reviewed upon appeal, is a case in which the question was reviewed upon the appeal from the final judgment, and not an appeal directly from the order, and is therefore not in point.

2. Every intermediate order made by the trial court affecting a substantial right may be reviewed upon appeal from the final decree. *Clay* v. *Clay,* 56 Or. 538, 542 (108 Pac. 119 : 109 Pac. 129).

3. Plaintiff further urges that Section 59, L. O. L., does not authorize the court to vacate the judgment until a defense has been established, for the reason that it contains no express authority to vacate the decree, citing cases from Iowa. Those cases are not in point, as the statute in that state contains specific directions to the effect that the decree shall not be vacated until the defense is established, while the courts in this State have continuously recognized the right to vacate the decree under Section 59, if the application to defend is granted. See *Smith* v. *Smith,* 3 Or. 363, 366; *White* v. *Northwest Stage Co.,* 5 Or. 99; *Wolf* v. *Smith,* 6 Or. 73; *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807). And this is the evident intent of the statute. Upon the allowance of the application to defend and the filing of the answer, the default is set aside, and, incident thereto, the judgment should be vacated as it is no longer supported by the record. Therefore the order was not beyond the authority of the court to grant and is not void. It is not a final decree and therefore not appealable. The appeal is dismissed.

DISMISSED.

Decided March 19, 1912.

ON PETITION FOR REHEARING.

[121 Pac. 964.]

Opinion by MR. CHIEF JUSTICE EAKIN.

Plaintiff assigns four grounds of error in the opinion. The first and second depend upon whether the order is an appealable one under Section 548, L. O. L. That question was fully disposed of in the opinion, but plaintiff now contends that the holding there is contrary to the one in

*Fildew* v. *Milner,* 57 Or. 16 (109 Pac. 1092). In that case the question whether the order was one from which an appeal would lie was not raised in any way, and was not mentioned in the opinion. Therefore the fact that the appeal was from an order vacating a decree and allowing a defense to be made is not controlling here. In *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807), also cited by plaintiff, the case proceeded to final decree, and the defendant appealed therefrom. Thereafter the plaintiff also appealed to question the ruling of the court allowing the motion to vacate the decree. This was within Section 548, L. O. L. Upon appeal the court may review any intermediate order involving the merits or affecting the decree. *Van Voorhies* v. *Taylor,* 24 Or. 247 (33 Pac. 380) ; *Clay* v. *Clay,* 56 Or. 539 (108 Pac. 119: 109 Pac. 129) ; *La Grande* v. *Portland Public Market,* 58 Or. 126, 134 (113 Pac. 25). And the order complained of here may be reviewed upon appeal from a final decree.

Counsel also cited *Stivers* v. *Bykett,* 56 Or. 565 (108 Pac. 1014: 109 Pac. 386), but in that case the order denied the motion to vacate, and of course, was final and determined defendant's rights, which was also the case in *Evans* v. *Evans,* 60 Or. 195 (118 Pac. 177) ; *Bowman* v. *Holman,* 48 Or. 351 (86 Pac. 792) was an appeal from an order vacating a decree made under Section 103, L. O. L., and is directly in point. The effect of an order made under that section as to being appealable is identical with one made under Section 59.

4. There is no theory upon which the order here complained of can be considered final, unless defendant's third ground of error in his partition is tenable, namely, that neither 59 nor 103 can be held to apply to decrees of divorce, relying upon decisions from the states of Minnesota and Washington, in both of which states the statutes corresponding with our statute (section 59) expressly except from their operation suits for divorce.

But the question of the applicability to Section 59 to decrees of divorce was involved in this court in the case of *Evans* v. *Evans,* 60 Or. 195 (118 Pac. 177), in an opinion by Mr. Justice MOORE, in which the showing was made that the plaintiff "relying upon the validity of the divorce he again married, and, if the decree is set aside, it would ruin him financially, make him technically, guilty of a crime, and place upon his present wife a fearful social position without any fault of either." In that case the motion to vacate was interposed just three years after the decree was rendered. The Circuit court denied the motion and defendant appealed, and the order denying the motion was reversed and the cause remanded, with directions to vacate the decreee and file the answer. To hold that Section 59 does not apply to a suit for divorce would tend to invite fraud in divorce cases with the assurance that the court would deny the defrauded party any remedy, and thereby cause the marriage relation to be lightly swept aside. As said in *Jones* v. *Jones,* 59 Or. 308, 311 (117 Pac. 414, 415). "The law regards the marriage relations with peculiar favor. The public has an interest in a divorce suit, and the courts should administer their jurisdiction of that subject in view of the public good, as well as private rights." A decree of divorce, equally with decrees in other cases, is subject to attack by any proceeding provided by law for that purpose. In the holding in *State* v. *Leasia,* 45 Or. 410 (78 Pac. 328), to the effect that the decree became operative and finally effective when rendered, does not suggest that it is not subject to such attack. It may be readily seen what would be the tendency in the practice in divorce litigation if the courts of the State were to except suits for divorce by implication under Section 59, as is expressly done by the statutes of Minnesota and Washington. The conditions found in *Evans* v. *Evans,* 60 Or. 195, would be

of frequent occurrence under such a construction, in which it is said: "Looking at the entire case as made by the affidavits, we feel satisfied that, though there was a studied effort on plaintiff's part to comply with the several requirements of the letter of the statute, so as to make the record in the divorce suit appear valid, the spirit of the law was willfully violated by him. * * Believing that plaintiff deceived the court when the divorce was granted, and that such a showing of his conduct has been made that a denial of the motion to set aside the decree amounts to an abuse of judicial discretion, the action of the court in this respect is reversed." And no satisfactory reason can be given why the decree of divorce cannot be subject to the remedy given by Section 59, L. O. L., the same as other judgments and decrees.

5. The fourth ground of error in the petition relates to the merits which will not be considered on the motion to dismiss. The court had jurisdiction to entertain the motion, and error in relation thereto can only be reviewed on appeal from a final decree.

The motion is denied.

DISMISSED: REHEARING DENIED.