On motion to dismiss argued in chambers before MR. JUSTICE HARRIS April 6, 1915.   Motion denied with permission to renew at final hearing April 13, 1915.   Dismissed as per stipulation May 11, 1915.

## BIRKEMEIER v. MILWAUKIE.

(147 Pac. 545.)

**Appeal and Error—Appealable Orders—Overruling Demurrer.**

1. In a suit to restrain a town from constructing a waterworks system, in which the complaint alleged that the town had not complied with the requirements of the charter that it should first attempt to acquire the existing private systems by arbitration, and the answer alleged that the town had complied with such requirements, an order overruling a demurrer to the answer left the issue of fact undisposed of, and was not final, and not appealable under

Section 548, L. O. L., providing that orders which affect a substantial right, and, in effect, determine the action, shall be, for the purpose of review, deemed judgments or decrees.

**Appeal and Error—Dismissal of Appeal—Dissolution of Injunction.**

2. Where complainant appealed from an order overruling a demurrer to the answer and dissolving a temporary injunction, and the only relief asked was an injunction to restrain a town from constructing a waterworks system in alleged violation of its charter provisions, so that, if the temporary injunction was dissolved, the suit would be practically terminated, the appeal from the order would not be dismissed on defendant's motion before the final hearing.

From Clackamas: JAMES U. CAMPBELL, Judge.

In Chambers before MR. JUSTICE HARRIS.

This is a suit by Fred W. Birkemeier on behalf of himself and others similarly situated, against the town of Milwaukie, a municipal corporation, G. C. Pelton, as mayor, Charles H. Counsell, C. C. Peary, B. G. Skulason and W. H. Grasle, as councilmen, D. P. Mathews, as recorder, and A. L. Bolstad, as treasurer of the town of Milwaukie, a municipal corporation, and their successors in office.

The defendants interposed a motion to dismiss the appeal, and a brief reference to the state of the record will lead to an understanding of the questions involved.

The plaintiff on December 28, 1914, filed a complaint which, in substance, alleged that Milwaukie was a municipal corporation, and the other defendants officers thereof; that the plaintiff is a taxpayer; that the Milwaukie Water Company, by virtue of a franchise from the defendant town, maintains a system of waterworks in that part of the town west of the O. & C. railroad track; that the Minthorne Springs Water Company is the holder of a franchise from the town, and maintains a system of waterworks in that part of the town east of the railroad track; that the council, without authority, passed a resolution authorizing the town to enter into a contract with the City of

Portland for supplying Milwaukie with water from
Bull Run River; that on December 14, 1914, pursuant
to the resolution mentioned, the mayor and recorder
signed a contract with the City of Portland whereby
the latter agrees to furnish water for two years in
consideration of certain stipulated payments, the con-
tract further providing that the City of Portland shall
lay a water-main to a certain point at which the town
of Milwaukie shall receive the water through a main
laid by the latter; that the council claims to derive
authority for the resolution from a certain amend-
ment to the charter which was passed at a city
election held March 18, 1913; that the amendment
authorizes the town to acquire by arbitration or con-
demnation waterworks and water sources, or to con-
struct, purchase, keep, conduct, operate and maintain
waterworks in Milwaukie, to purchase and acquire
Minthorne Springs, and to issue and dispose of bonds
therefor; that the town issued and sold bonds to the
amount of $20,000, which sum is in the hands of the
town officers, and is about to be expended for the pur-
pose and in the manner hereafter stated; that the mak-
ing of the contract with the City of Portland was in
violation of the charter amendment which provides
for the purchase of all or any of the privately owned
water systems for such price as may be fixed by arbi-
tration, but, if a remonstrance signed by 100 legal
voters shall be presented to the council, further steps
for such sale are prevented, and the council shall
bring condemnation proceedings for the acquirement
of the water systems, or shall construct an independ-
ent water system for the town; that the charter re-
quired the council, within ten days from the adoption
of the charter amendment, to commence proceedings to

76 Or.—10

acquire the privately owned water systems by arbitration or condemnation, but the council neglected so to do; that the council has authority to construct an independent system only in the event a remonstrance signed by 100 voters against the arbitration proceedings is filed; that there were no arbitration proceedings as required by the charter; that no remonstrance signed by 100 voters was filed, and no condemnation proceedings were instituted; that the town is only authorized to construct a water system which is supplied from springs, wells, or streams on land owned or leased by the town and which will be permanent; that the contract with the City of Portland does not provide for a permanent system, and the money expended for laying pipes will be wasted, because it will be necessary to construct a new system upon the termination of the contract; that at an election held August 2, 1912, the voters rejected a proposed charter amendment to empower the making of a contract with Portland, whereby that city was to furnish water, and a majority of the voters are opposed to the contract which was signed; that, according to the present city charter and ordinances now in force, there will be held and conducted on December 28, 1914, a meeting of the council, at which the council will receive bids and award contracts for the construction of two miles of 8-inch steel pipe to the point specified in the contract, and will award contracts for the digging, opening and excavating of trenches for laying said two miles of pipe-line and for a distributing system, and for the purchase of all necessary materials; that the awarding of any contracts is beyond the power granted by the charter amendment adopted March 18, 1913. Wherefore plaintiff prays for a decree restraining the defendant from acting under the resolution, carrying out

the contract with the City of Portland, constructing any independent water system until the rights and obligations of the town to acquire the properties of the two present water companies have been settled, awarding any contracts for constructing any part of the proposed water system, and for a decree granting such other relief as may be equitable.

The defendants, on January 8, 1915, filed an answer which denies that the Milwaukie Water Company held a franchise from the defendant town, or that the resolution was unlawfully passed, or that the contract contravened the charter, or that the council was required to commence arbitration or condemnation proceedings within ten days from the adoption of the charter amendment, or that defendants failed to commence such proceedings; denies that no arbitration has been had or that no remonstrance was filed, or that the town is empowered to construct only such system as is supplied from springs, wells or streams on land owned or leased by the town, or that the system contemplated by the contract is not authorized by the charter, or that upon the termination of the contract the system of pipes will be useless, or the money paid therefor wasted; denies that the contract does not reflect the wishes of a majority of the voters; and admits that the town would receive bids and award contracts.

For a separate defense the defendants allege that, pursuant to the charter, bonds to the amount of $20,000 were sold; that within ten days from the passage of the charter, and in full compliance therewith, arbitration proceedings were commenced for the acquirement of the privately owned water system; that the Milwaukie Water Company refused to accept the price fixed for its system; that within the time re-

quired by the charter a remonstrance, with more than 100 signers, was filed against the purchase of the system owned by the Minthorne Springs Water Company; that thereafter the council, in obedience to the charter, took steps looking toward the construction of an independent system, and caused plans and specifications to be made for such system; that, as stated in the complaint, the resolution was adopted, and the contract made; that the council did accept a bid for the construction of a waterworks system, subject, however, to the decision of the court in this suit, and, if this suit is dismissed, the town will proceed to carry out the contract with the City of Portland, and install a waterworks system; that there is no available good water supply in the town; and that the water proposed to be furnished under the terms of the contract is of a, splendid quality.

The plaintiff demurred "to defendants' answer on file herein, on the ground that it fails to state facts sufficient to constitute a valid defense." Thereafter the court made the following order:

"This cause coming on for hearing upon plaintiff's demurrer to defendants' answer herein, and the court being fully advised in the·premises, it is hereby ordered that said demurrer be, and the same is hereby overruled, and that the injunction heretofore issued be, and the same is hereby, dissolved, and plaintiff thereupon in open court gave notice of appeal to the Supreme Court."                        MOTION DENIED.

*Messrs. Skulason & Clark* on brief, with an oral argument by *Mr. A. E. Clark,* for the motion.

*Messrs. U'Ren & Hesse* on brief, with an oral argument by *Mr. W. S. U'Ren, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The defendants take the position that, on the record as already stated, the order is not appealable within the meaning of Section 548, L. O. L. The plaintiff contends that the order is appealable for the reason that the demurrer was not only overruled, but the preliminary injunction or restraining order previously issued was dissolved; that the ultimate relief asked for was an injunction, and when the court dissolved the temporary injunction it was an order affecting a substantial right, and which, in effect, determines the action or suit so as to prevent a judgment or decree therein. It will be assumed that the trial judge was of opinion that the plaintiff could not make any valid objection to the kind of water system proposed to be constructed, else he would have sustained the demurrer.

The plaintiff alleges that the defendants did not comply with the charter by first attempting to acquire the existing waterworks system by arbitration; and defendants aver that they did observe the directions of the charter in that particular. The right of plaintiff to the relief sought, among other things, depends upon the truth of the allegation that the charter was not followed, while the right of defendants to proceed may depend upon whether the charter has been obeyed. There is, then, an issue made by the pleadings and undetermined by the court. The ruling on the demurrer only determines whether the answer is good if true. The plaintiff in his complaint tells his version, while the defendants in their answer give an opposite account of the transaction. It is clear, then, that the ruling on the demurrer did not have the effect

of deciding the suit. If the only question to be considered was whether the ruling on the demurrer could be appealed from before final decree, the conclusion would be clear that the order was not appealable. An appeal from a final decree would, of course, permit the review of the order overruling the demurrer.

This court has said:

"An order or decree is final for the purposes of an appeal when it determines the rights of the parties, and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect": *State* v. *Security Savings Co.,* 28 Or. 410, 417 (43 Pac. 162).

The following cases are to the same effect: *Sears* v. *Dunbar,* 50 Or. 41 (91 Pac. 145); *Giant Powder Co.* v. *Oregon Western Ry. Co.,* 54 Or. 326 (101 Pac. 209, 103 Pac. 501); *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863); *Fowle* v. *House,* 26 Or. 588 (39 Pac. 5); *Helm* v. *Gilroy,* 20 Or. 520 (26 Pac. 851); *Marquam* v. *Ross,* 47 Or. 381 (78 Pac. 698, 83 Pac. 852, 86 Pac. 1); *Rockwood* v. *Grout,* 55 Or. 389 (106 Pac. 789); *Clay* v. *Clay,* 56 Or. 539 (108 Pac. 119, 109 Pac. 129); *Lecher* v. *City of St. Johns,* 74 Or. 558 (146 Pac. 87).

2. There is, however, an additional feature. The preliminary injunction was dissolved. Ordinarily, an order granting or denying a preliminary injunction is not appealable (*Helm* v. *Gilroy,* 20 Or. 520 (26 Pac. 851); *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863); but the plaintiff contends that he asks for nothing in his complaint except injunctive relief; that the dissolution of the temporary injunction will permit the defendants at once to proceed with the work attempted to be enjoined; that there is now no obstacle to prevent the defendants from doing the very thing that the suit was designed to prevent; that, if the work mentioned is

completed before a decree in the Circuit Court, an appeal would be vain and futile; and that therefore the order affected a substantial right, and, in effect, determined the suit.

Because of the importance of the question involved in the last-mentioned phase of the case, the motion to dismiss is denied; but, for the purpose of enabling a complete presentation of the subject, the defendants are granted permission to renew their motion at the final hearing.          MOTION TO DISMISS DENIED.

Appeal dismissed as per stipulation May 11, 1915.

---

Motion to dismiss appeal submitted on briefs December 8, denied December 29, 1914.  Dismissed as per stipulation May 11, 1915.