Motion to dismiss appeal denied February 29, appeal dismissed when
heard on merits May 23, 1916.

# FLYNN *v.* DAVIDSON.

(155 Pac. 197; 157 Pac. 788.)

**Appeal and Error—Decisions Appealable.**

1. As a general rule, an order setting aside a default is of an in-
termediate character and not appealable, though it may be reviewed
on appeal from the final judgment or decree.

[As to what judgments and orders may be appealed from, see
note in 20 Am. St. Rep. 173.]

**Appeal and Error—Motion to Dismiss.**

2. On motion to dismiss an appeal from an order opening a de-
fault, the merits of the order cannot be considered, therefore, where
appellant, conceding, the general rule that such orders are not
appealable, contended that the order was a nullity and appealable,
a motion to dismiss the appeal will be denied, with permission to
renew on final hearing, nothing remaining to be done except for
respondent to file a brief.

**Appeal and Error—Abstract of Record—Dismissal.**

·3. Where, through an honest mistake in calculating the time, ap-
pellant failed to file an abstract of the record within 20 days after
transcript was filed, as required by court Rule VI (56 Or. 616, 117
Pac. ix), the appeal will not be dismissed; the hearing not being
delayed.

**Appeal and Error—Decisions Reviewable—"Final Order."**

4. Under Section 548, L. O. L., providing that appeals may be
had from an order affecting a substantial right, and which in effect
determines the action or a final order affecting a substantial right,
an order of the court under Section 3710, L. O. L., providing that
any defendant against whom judgment has been rendered, and who
has not been personally served, and who has not appeared therein,
may, upon good cause shown, be allowed to defend and file his ob-
jections within one year after the entry thereof, vacating a final
decree of foreclosure in a suit to foreclose a certificate of delin-
quency of taxes in which service was had on the plaintiff by pub-
lication and permitting him to answer, was an intermediate order,
and not appealable unless void.

**Judgment—Parties—Subject Matter—"Void Judgment."**

5. In a suit to foreclose a certificate of delinquency of taxes, an
order vacating a final decree of foreclosure against the defendant
after service by publication and permitting him to answer, the court
having jurisdiction of the parties and subject matter, is not void,
although it may be erroneous.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.   Statement by MR. JUSTICE HARRIS.

Bernard Flynn commenced a suit to foreclose a delinquent tax certificate against Watson P. Davidson, Sumpter Hotel Company, a corporation, Wilson Investment Company, a corporation, Frank Readen, Emma Readen, J. W. Morrow and Gus Pinson.   All the defendants having defaulted, the court rendered a judgment and decree; but afterward the default of Watson P. Davidson, one of the defendants, was set aside, the judgment and decree were vacated, and he was permitted to file an answer.   The plaintiff appealed from the order.   The respondent Davidson moves to dismiss the appeal: (1) Because the order is not appealable; and (2) because the abstract of record was not filed within the required time.

*Mr. J. J. Heilner* and *Messrs. Wood & McCulloch,* for the motion.

*Mr. George E. Allen, Mr. John L. Rand* and *Mr. A. A. Smith, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1, 2.   As a general rule, an order setting aside a default is of an intermediate character, and is not appealable, although it may be reviewed if an appeal is taken from the final judgment or decree: *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964) ; *Hall* v. *McCan,* 62 Or. 556 (126 Pac. 5).   The appellant concedes the general rule, but relies upon what is said in *First Christian Church* v. *Robb,* 69 Or. 283 (138 Pac. 856), contends that the order was void and therefore an utter nullity, and argues that a void order is appealable   The merits of the order can neither be examined nor determined on a motion to dismiss the appeal.

Since nothing remains to be done on the appeal except the filing of a brief by the respondent, and in view of the condition of the record and the question involved, we do not now decide whether the order is appealable, but merely deny the motion, with permission to renew it on the final hearing.

3. The appellant did not file an abstract of the record within 20 days after the transcript was filed, as prescribed by Rule VI of our rules (56 Or. 616, 117 Pac. ix). The record shows that there has not been any disposition unduly to delay the hearing; only a few days of delay resulted from an honest mistake in calculating the time for the filing of the abstract, and therefore the mistake should be excused: *St. Martin* v. *Hendershott* (now pending on merits), (151 Pac. 706).

The motion to dismiss is denied, with the right to renew the motion when the cause is heard on the merits. Motion Denied.

Mr. Justice Eakin took no part in the consideration of this case.

---

Appeal dismissed May 23, 1916.

On the Merits.

(157 Pac. 788.)

In Banc. Statement by Mr. Justice Benson.

On August 29, 1914, plaintiff began this suit to foreclose a certificate of delinquency of taxes against certain property in Sumpter. Service was had upon the defendant Davidson by publication. A final decree of foreclosure upon defendant was entered on November 7, 1914. Thereafter, on September 8, 1915, Davidson filed a motion to set aside the decree and to be per-

mitted to file his objections and defend. Upon a hearing the trial court, on October 8, 1915, entered an order vacating the decree and permitting the defendant to file his answer to the complaint. From this order, plaintiff appeals. Heretofore a motion to dismiss the appeal was submitted to this court, and an order was then made denying the motion, but with leave to present the same upon the final hearing.

APPEAL DISMISSED.

For appellant there was a brief over the names of *Mr. George E. Allen, Mr. A. A. Smith* and *Mr. John L. Rand,* with oral arguments by *Mr. Allen* and *Mr. Smith.*

For respondent there was a brief over the names of *Mr. J. J. Heilner* and *Messrs. Wood & McCulloch,* with an oral argument by *Mr. Heilner.*

MR. JUSTICE BENSON delivered the opinion of the court.

4. We find it necessary at this time to consider only the motion to dismiss the appeal. Section 3710, L. O. L., among other things, says:

"Any defendant against whom such judgment and decree has been rendered, and who has not been personally served with the notice or summons of the application for judgment or decree of foreclosure, and who has not appeared therein, may, upon good cause shown and upon such terms as may be proper, be allowed to defend and file his objections after such judgment or decree, and within one year after the entry thereof, upon such terms as may be just."

The order of the court permitting the defendant to answer was clearly an intermediate order, and not appealable unless void: Section 548, L. O. L.

5. In the case at bar the court had jurisdiction of the parties and of the subject matter. It has been frequently held that, if the court has jurisdiction of the parties and of the subject matter, the order is not void, although it may be erroneous: 8 Words and Phrases, 7341, and cases there cited.

It follows that it is not an appealable order, and the appeal is therefore dismissed.    APPEAL DISMISSED.

MR. JUSTICE EAKIN absent.