Argued February 2, reversed March 22, 1921.

## SALEM KING'S PRODUCTS CO. *v.* LA' FOLLETTE.

(196 Pac. 416.)

**Appeal and Error—Right of Appeal Only Statutory.**

1. The right of appeal exists only when some statute gives it, and therefore a party cannot maintain an appeal unless his cause comes within the embrace of a statute granting the right of appeal.

**Appeal and Error—"Order Final" When It Determines the Rights of the Parties.**

2. An order is "final" for the purpose of an appeal under Section 548, Or. L., when it determines the rights of the parties, and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect.

**Appeal and Error—Nonappealable Order Reviewed on Appeal from Judgment or Decree.**

3. An intermediate order which affects a substantial right of a party, even though not appealable, may nevertheless be reviewed on appeal; but it is brought by an appeal to the appellate court

from a judgment or decree and not by an appeal from the order itself, under Sections 534, 548, 549, Or. L.

**Appeal and Error—Void Judgments and Decrees Appealable.**

4. Void judgments and decrees, even though entered after default, are appealable under Section 534, Or. L.

**Appeal and Error—Void Order Granting Preliminary Injunction Appealable—"Final Order."**

5. If an order is absolutely void because made without jurisdiction, it is final in its legal significance and is therefore appealable under Sections 548, 549, Or. L., and hence an appeal would lie from an absolutely void order granting a preliminary injunction.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

This is an appeal from an order of the Circuit Court granting a preliminary injunction.

Salem King's Products Company, a corporation, began a suit to compel J. W. La Follette specifically to perform a contract for the delivery of loganberries raised by him. La Follette had delivered about half of his 1919 crop to the Equity Queen Canning Company, when the Salem King's Products Company applied for a preliminary injunction. After considering affidavits filed by the plaintiff in support of and by the defendant against the application, the Circuit Court granted a preliminary mandatory injunction commanding La Follette to deliver to the plaintiff all that then remained of his 1919 crop of berries. This order of injunction was made without requiring the plaintiff to file an undertaking. The defendant refused to obey the injunction, and because of such disobedience he was adjudged guilty of contempt and sentenced to pay a fine. La Follette appealed from the judgment rendered in the contempt proceeding, and he also appealed from the order granting the injunction.

It will not be necessary to restate here all the facts material to this appeal, for a complete account of all the essential facts will be found in the opinion rendered by us on the appeal from the judgment in the contempt proceeding entitled *State ex rel. Salem King's Products Co.* v. *La Follette,* and reported *ante,* p. 1 (196 Pac. 412).                REVERSED.

For appellant there was a brief over the names of *Mr. John Bayne* and *Messrs. Smith & Shields,* with oral arguments by *Mr. Bayne* and *Mr. Roy F. Shields.*

For respondent there was a brief over the names of *Mr. Prescott W. Cookingham* and *Mr. James G. Heltzel,* with an oral argument by *Mr. Cookingham.*

HARRIS, J.—In the opinion rendered by us in *State ex rel. Salem King's Products Co.* v. *La Follette, ante,* p. 1 (196 Pac. 412), we held that the order allowing the preliminary mandatory injunction was absolutely void, for the reason that no undertaking was required of or given by the plaintiff. In the instant appeal La Follette is contending that since the order allowing the preliminary injunction is void it is appealable.

1. The right of appeal exists only when some statute gives it; and, therefore, a party cannot maintain an appeal unless his cause comes within the embrace of a statute granting the right of appeal: *Sears* v. *Dunbar,* 50 Or. 36, 38 (91 Pac. 145); *Sturgis* v. *Sturgis,* 51 Or. 10, 13 (93 Pac. 696, 131 Am. St. Rep. 724, 15 L. R. A. (N. S.) 1034); *Clay* v. *Clay,* 56 Or. 538, 541 (108 Pac. 119, 109 Pac. 129); *Portland* v. *Nottingham,* 58 Or. 1, 4 (113 Pac. 28); *Blumauer-Frank*

*Drug Co.* v. *Horticultural Fire Relief of Oregon,* 59
Or. 58 (112 Pac. 1084); *Macartney* v. *Shipherd,* 60 Or.
133, 134 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Lewis*
v. *Chamberlain,* 61 Or. 150, 152 (121 Pac. 430); *State
ex rel.* v. *Simpson,* 69 Or. 93, 99 (137 Pac. 750, 138
Pac. 467); *Livesley* v. *Landon,* 69 Or. 275, 281 (138
Pac. 853); *Baskin* v. *Marion County,* 70 Or. 363, 364
(141 Pac. 1014); *Knight* v. *Beyers,* 70 Or. 413, 419
(134 Pac. 787).

We must therefore look to our statutes to ascertain whether the order complained of by the defendant is appealable. An action terminates in a judgment: Section 179, Or. L. A suit ends in a decree: Section 409, Or. L. Every direction of the court or judge made or entered in writing and not included in a judgment or decree is denominated an order: Section 534, Or. L. All judgments and decrees are appealable, except judgments or decrees given by confession or for want of an answer; for by the express terms of Section 549, Or. L., "any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom." Some, but not all, orders are appealable; for we read in Section 548, Or. L., as follows:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and

granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree.''

2. It will be observed that Section 548, Or. L., defines the classes of orders which are appealable and further declares that such orders are deemed judgments or decrees. A judgment or decree may be characterized as a finality; and a reading of section 548, Or. L., makes it manifest that the classes of orders therein mentioned either possess or partake of the quality of a finality. This thought runs throughout our judicial precedents; and accordingly it has been held that an order is final for the purposes of an appeal when it determines the rights of the parties, and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect: *State* v. *Security Savings Co.*, 28 Or. 410, 417 (43 Pac. 162); *Birkemeier* v. *Milwaukie*, 76 Or. 143, 150 (147 Pac. 545). It is one which concludes the parties as regards the subject matter in controversy in the tribunal pronouncing it. If the order in effect determines the suit or action, or if, in some circumstances, it gives a party all the relief he asks for, it may be appealable: *Helm* v. *Gilroy*, 20 Or. 517 (26 Pac. 851); *Basche* v. *Pringle*, 21 Or. 24 (26 Pac. 863); *Marquam* v. *Ross*, 47 Or. 374, 381 (78 Pac. 698, 83 Pac. 856, 86 Pac. 1); *Giant Powder Co.* v. *Oregon Western Ry. Co.*, 54 Or. 325 (101 Pac. 209, 103 Pac. 501); *American Life Ins Co.* v. *Ferguson*, 66 Or. 417, 420 (134 Pac. 1029).

3. An intermediate order which affects a substantial right of a party, even though not appealable, may nevertheless be reviewed upon appeal; but such nonappealable order is brought to the appellate court by an appeal from the judgment or decree and not

by an appeal from the order itself: *Taylor* v. *Taylor,* 61 Or. 257, 260 (121 Pac. 431, 121 Pac. 964); *Anderson* v. *Robinson,* 63 Or. 228, 236 (126 Pac. 988, 127 Pac. 546). If, therefore, the injunction order made in the instant case is not an appealable order, then the only method by which it can be presented to this court is by an appeal from the decree rendered in the suit. Ordinarily an order granting or dissolving a preliminary injunction is not appealable for the reason that it is an intermediate order and is usually temporary and devoid of the quality of a finality: *Helm* v. *Gilroy,* 20 Or. 517, 520 (26 Pac. 851); *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863); *Fowle* v. *House,* 26 Or. 587 (39 Pac. 5); *Birkemeier* v. *Milwaukie,* 76 Or. 143, 150 (147 Pac. 545). La Follette urges that the order for an injunction made in this case is appealable for the reason that it was made without jurisdiction and consequently is void; and that the order, being void, is a final order within the meaning of prior holdings.

4. In some jurisdictions void judgments or decrees are not appealable; but in this jurisdiction a void judgment or decree, even though entered after default, is appealable: *Trullenger* v. *Todd,* 5 Or. 37, 38, 40; *Askren* v. *Squire,* 29 Or. 228, 232 (45 Pac. 779); *Whelan* v. *McMahan,* 47 Or. 37, 40 (82 Pac. 19, 114 Am. St. Rep. 906); *Oregon Lumber & Fuel Co.* v. *Hall,* 76 Or. 138, 140 (148 Pac. 61); *Service* v. *Sumpter Valley Ry. Co.,* 88 Or. 554, 591 (171 Pac. 202). This court has uniformly applied this same rule to void orders: *Deering* v. *Quivey,* 26 Or. 556, 558 (38 Pac. 710); *Therkelsen* v. *Therkelsen,* 35 Or. 75 (54 Pac. 885, 57 Pac. 373); *Stites* v. *McGee,* 37 Or. 574, 577 (61 Pac. 1129); *Sears* v. *Dunbar,* 50 Or. 36, 38, 40, 41 (91 Pac. 145); *Sturgis* v. *Sturgis,* 51 Or. 10, 14

(93 Pac. 696, 131 Am. St. Rep. 724, 15 L. R. A. (N. S.) 1034); *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196, 200 (102 Pac. 1011, 20 Ann. Cas. 692); *Clay* v. *Clay,* 56 Or. 538, 539 (108 Pac. 119, 109 Pac. 129); *Zelig* v. *Blue Point Oyster Co.,* 61 Or. 535, 538 (113 Pac. 852, 122 Pac. 756); *Holton* v. *Holton,* 64 Or. 290, 294 (129 Pac. 532, 48 L. R. A. (N. S.) 779); *Flynn* v. *Davidson,* 80 Or. 502, 505 (155 Pac. 197, 157 Pac. 788); *Matlock* v. *Matlock,* 87 Or. 307, 310 (170 Pac. 528). The doctrine that void orders are appealable is predicated on the idea that such orders partake of the quality of a finality as explained in *Deering* v. *Quivey,* 26 Or. 556, 558 (38 Pac. 710), and in *Sears* v. *Dunbar,* 50 Or. 36, 40 (91 Pac. 145). In *Therkelsen* v. *Therkelsen,* 35 Or. 75 (54 Pac. 885, 57 Pac. 373), the wife brought a suit against her husband to secure a separate maintenance, and upon her application the court made an order *pendente lite* directing the husband to pay a certain sum for the support of the wife and a further sum as suit money. A motion was made to dismiss the appeal on the theory that it was a nonappealable order, but this court ruled:

"The allowance in question being without the power or authority of the court to make, the order directing it is void, as an excess of jurisdiction, and is therefore final in its legal significance, and an appeal will lie from it."

Thus it is seen that the holding in *Therkelsen* v. *Therkelsen* was based upon the theory that the order was void, and being void was appealable. The opinion in *Therkelsen* v. *Therkelsen* should be read in connection with the opinion in *Clay* v. *Clay,* 56 Or. 538 (108 Pac. 119, 109 Pac. 129), where it was held that an order allowing suit money, in a divorce suit was

not appealable. If it is suggested that the order for the payment of suit money in *Therkelsen* v. *Therkelsen* was an order for the payment of a definite sum of money and therefore final as to that definite sum and on that account appealable, the suggestion is answered by the ruling made in *Clay* v. *Clay,* where an allowance for a definite sum *pendente lite* in a divorce suit was held not appealable. In *Therkelsen* v. *Therkelsen* the holding was based entirely on the ground that the order was void and on that account was appealable. In both cases the court had jurisdiction over the main suit. In the divorce suit the court had jurisdiction to grant a divorce. In the suit for a separate maintenance the court had jurisdiction to allow maintenance. But the court did not in both suits have jurisdiction to allow suit money, for in the suit for a separate maintenance the court was without jurisdiction to allow suit money. In *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145), Sears brought a proceeding against Dunbar to compel him to pay to the state certain fees which he had received as secretary of state. A demurrer to the complaint was sustained upon the ground that the plaintiff was without capacity to sue, and thereafter John H. McNary as district attorney moved the court that the State of Oregon *ex rel.* John H. McNary, as district attorney, be substituted as plaintiff in the suit. The court allowed the motion for the substitution and Dunbar appealed. The plaintiff in that suit moved to dismiss the appeal upon the ground that the order appealed from was not a final order. This court, speaking through Mr. Justice EAKIN, concludes its opinion by saying:

"From these authorities it is clear that, if the ruling had the effect to finally terminate defendant's rights

or interest in the subject of the suit, it was final as to him, even though it did not determine the merits of the case, or if it was made without jurisdiction, that is, in a case as to matter not within the power of the court it would be final even though only an interlocutory order."

An order overruling or sustaining a demurrer is as a general rule not appealable: *Giant Powder Co.* v. *Oregon Western Ry. Co.,* 54 Or. 325 (101 Pac. 209, 103 Pac. 501); *Rockwood* v. *Grant,* 55 Or. 389 (106 Pac. 789); *Lecher* v. *St. Johns,* 74 Or. 558 (146 Pac. 87); and yet in *Matlock* v. *Matlock,* 87 Or. 307, 310 (170 Pac. 528, 529), this court recently held:

"The order overruling the demurrer and the order allowing suit money and alimony, if void for want of jurisdiction of the court to make them, are final and appealable."

5. Stated broadly, the rule which seems to have been established by our own precedents is that, if an order is absolutely void because made without jurisdiction, it is, in the language of Mr. Justice WOLVERTON, "final in its legal significance," and is therefore appealable. If the question were *res integra,* the writer might, in view of the language of our statute, find some difficulty in agreeing with a rule so broadly stated; but unless the precedents to which attention has been directed are overruled the order involved in this appeal must be held to be an appealable order for the reason that it is an absolutely void order.

It follows that the order granting the preliminary injunction must be and it is set aside.

                                             REVERSED.

BURNETT, C. J., and McBRIDE, J., concur.

JOHNS, J., dissents.