Argued on motion to dismiss appeal, January 8, appeal dismissed February 24, 1925.

EINOR W. ANDERSON ET AL. *v.* N. E. HARJU ET AL.

(233 Pac. 848.)

**Appeal and Error—No Appeal from Interlocutory Order Without Statutory Authority.**

1. Right of appeal and procedure therein are wholly statutory, and no appeal lies from interlocutory order, unless right is given by statute.

**Appeal and Error—Order must Possess or Partake of Quality of Finality to be Appealable.**

2. Orders from which appeal may be taken, under Section 548, Or. L., as amended by Gen. Laws of 1923, page 216, must possess or partake of quality of finality.

**Injunction—Granting or Refusing Largely Discretionary.**

3. Granting or refusing preliminary injunction is largely in court's discretion.

**Appeal and Error—Intermediate Nonappealable Order Affecting Party's Substantial Rights may be Brought up by Appeal from Judgment or Decree.**

4. Under Section 548, Or. L., as amended by Gen. Laws of 1923, page 216, intermediate order affecting substantial right of party,

---

1.   See 2 R. C. L. 27, 40.
2.   See 2 R. C. L. 39.
3.   See 14 R. C. L. 312.
4.   See 2 R. C. L. 185.

though not appealable, may be brought to appellate court by appeal from judgment or decree.

**Appeal and Error—Order, Granting or Dissolving Preliminary Injunction, Ordinarily not Appealable.**

5. Ordinarily, order, granting or dissolving preliminary injunction, is not appealable, being intermediate order, usually temporary and devoid of quality of finality.

**Appeal and Error—Order, Dissolving Temporary Injunction Against Levy of Execution, Held not Appealable.**

6. Order, dissolving temporary injunction against execution sale, *held* not appealable, under Section 548, Or. L., as amended by Gen. Laws of 1923, page 216, though it affected substantial right; suit not being determined thereby, so as to prevent final, appealable judgment or decree perpetuating injunction.

**Appeal and Error—Limitation of Right of Appeal from Interlocutory Decree to Suits in Partition Excludes Other Intermediate Decrees.**

7. Limitation of right of appeal from interlocutory decree to suits in partition, by Section 548, Or. L., as amended by Gen. Laws of 1923, page 216, has effect of excluding any other intermediate decree, such as order dissolving temporary injunction against execution sale.

**Appeal and Error—Application for Continuance of Injunction, on Appeal from Interlocutory Order Dissolving Preliminary Injunction must be Denied.**

8. Supreme Court having no jurisdiction to entertain appeal from interlocutory order dissolving preliminary injunction, nor issue restraining order pending cause, application for continuance of injunction must be denied, and appeal dismissed.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

This is an appeal by plaintiff from an intermediate order of the Circuit Court dissolving a temporary injunction. Defendants move to dismiss the appeal for the reason that this court is without jurisdiction in the premises; that the order of the Circuit Court from which the appeal is prosecuted is not an appealable order within the provision of Section 548, Or. L.

---

5. Order on motion to dissolve temporary injunction as final or interlocutory, see note in **Ann. Cas.** 1912C, 898. See, also, 14 **R. C. L.** 335.

7. See 25 **R. C. L.** 981.

Plaintiffs applied to this court for a temporary restraining order enjoining the defendant, Harju, and the defendant, Harley J. Slusher, as sheriff of Clatsop County, Oregon, from enforcing by writ of execution the collection of a certain judgment. An order for a temporary injunction was issued from this court and the defendants were required to appear herein and show cause why the temporary injunction should not continue in force until the final hearing of the case. At the appointed time the respective parties appeared by their counsel, and an oral argument, upon the question of the temporary injunction, was heard in chambers.

A brief statement of the case sufficient for an understanding of the legal question raised, is about as follows:

On the 20th of November, 1920, in the Superior Court of the State of Washington, for the County of Cowlitz, defendant, N. E. Harju, as plaintiff, obtained a judgment against Einor W. Anderson, defendant therein, for the sum of $5,500, and $52 costs, which was duly entered. Thereafter N. E. Harju commenced an action upon said judgment in the Circuit Court of the State of Oregon for Clatsop County. On the first day of March, 1922, a judgment by default was entered in said Circuit Court, based upon the judgment obtained in the State of Washington, in favor of said plaintiff therein, N. E. Harju, and against defendant therein, Einor W. Anderson, for the sum of $5,949.64, together with $76.70 costs.

Upon appeal to this court from the judgment rendered in Clatsop County Circuit Court, Einor W. Anderson filed a *supersedeas* bond with plaintiff

William Anderson as surety. The appeal resulted in an affirmation of the judgment of the Circuit Court, and the mandate of this court directed the Circuit Court to enter a judgment in favor of Harju and against Einor W. Anderson, and William Anderson as surety upon the undertaking on appeal, for the sum of $5,949.64, together with interest and costs, amounting to $78.68. Thereafter N. E. Harju, defendant, caused to be issued a writ of execution upon the judgment in Clatsop County, directed to the sheriff of Clatsop County, Oregon. Pursuant to the writ the sheriff of Clatsop County levied upon, and took into his possession, a stock of furniture, fixtures and equipment of a general merchandise store of plaintiff William Anderson and "seized the bank account of said William Anderson," and took measures to sell the same to satisfy said judgment. Whereupon plaintiff instituted the present suit to restrain the sheriff from proceeding with such sale.

Although matters relating to the merits of the controversy cannot be considered in determining the question of jurisdiction, it may be fair to state that the plaintiffs contend that the service upon Einor W. Anderson, preliminary to the rendition of the Washington judgment, was defective. Plaintiffs also contend that the Washington judgment has been satisfied and paid by the sale of real property upon execution issued upon that judgment. The defendant, Harju, maintains that the property attempted to be sold in the State of Washington was not the property of Einor Anderson, the defendant in the writ of execution upon which such real estate was sold, and that said judgment has not been satisfied. The complaint herein does not allege that the real estate

sold on execution issued upon the Washington judgment was the property of Einor W. Anderson.

APPEAL DISMISSED.

For the motion, *Mr. E. E. Mathison* and *Messrs. G. C. & A. C. Fulton.*

*Contra, Messrs. Norblad & Hesse.*

BEAN, J.—The main question for determination arises upon both the motion to dismiss the appeal, and the application for an injunction order. If the order appealed from is an appealable order, within the meaning of Section 548, Or. L., then the question of the continuation of the injunction must be considered. If no appeal lies from the intermediate order dissolving the preliminary injunction then this court has no jurisdiction in the matter and the appeal must be dismissed and no further consideration need be given to the matter of the injunction.

1. The right of appeal is wholly statutory and the methods of procedure therein are such only as the statute provides. The right to prosecute an appeal from an interlocutory order is purely statutory and unless such right is so given, no appeal lies: *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222); *Clay* v. *Clay,* 56 Or. 538 (108 Pac. 119, 109 Pac. 129); *City of Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28); *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Lewis* v. *Chamberlain,* 61 Or. 150 (121 Pac. 430).

2, 3. Section 548, Or. L., as amended by General Laws of 1923, page 216, providing when a judgment, decree or order may be reviewed upon appeal, provides as follows:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree. * * "

We notice that this section defines the classes of orders which are appealable and also declares that such orders are deemed judgments or decrees. The classes of orders from which an appeal may be taken must either possess or partake of the quality of a finality. It has been held that an order is final for the purpose of an appeal when it determines the rights of the parties, and no further questions can arise before the court granting the order except such as are necessary to be determined in carrying it into effect: *State* v. *Security Sav. Co.*, 28 Or. 410, 417 (43 Pac. 160). See, also, *Birkemeier* v. *Milwaukie*, 76 Or. 143, 150 (147 Pac. 545).

"The granting or refusing such an injunction rests largely within the discretion of the court, and being merely an interlocutory order, made during the progress of the cause, does not ordinarily partake of the nature of a final judgment or decree to such an extent as to warrant an appeal therefrom. (2 High, Injunctions, § 1693)."

*Helm* v. *Gilroy*, 20 Or. 517, 520 (26 Pac. 851). See, also, *Basche* v. *Pringle*, 21 Or. 24 (26 Pac. 863); *Marquam* v. *Ross*, 47 Or. 374, 381 (78 Pac. 698, 83 Pac. 858, 86 Pac. 1); *Giant Powder Co.* v. *Or. Western R. R. Co.*, 54 Or. 325 (101 Pac. 209, 103 Pac.

501); *American Life Ins. Co.* v. *Ferguson,* 66 Or. 417, 420 (134 Pac. 1029).

4. The statute authorizes an intermediate order affecting a substantial right of a party, even though not appealable, to be brought to the appellate court by an appeal from the judgment or decree, and not by an appeal from the order itself: *Taylor* v. *Taylor,* 61 Or. 257, 260 (121 Pac. 431, 121 Pac. 964); *Anderson* v. *Robinson,* 63 Or. 228, 236 (126 Pac. 988, 127 Pac. 546).

5. Ordinarily an order granting or dissolving a preliminary injunction is not appealable for the reason that it is an intermediate order and is usually temporary and devoid of a quality of a finality: *Salem Kings Prod. Co.* v. *La Follette,* 100 Or. 11, 16 (196 Pac. 416); *Fowle* v. *House,* 26 Or. 587 (39 Pac. 5).

6. In *Sears* v. *Dunbar,* 50 Or. 36, at page 41 (91 Pac. 145), Mr. Justice EAKIN, after reviewing many authorities upon the question, said:

"From these authorities it is clear that, if the ruling had the effect to finally terminate defendant's rights or interests in the subject of the suit, it was final as to him, even though it did not determine the merits of the case. * * "

"The rule," said Mr. Chief Justice WOLVERTON, in *State ex rel.* v. *Downing,* 40 Or. 309 (58 Pac. 863, 66 Pac. 917), "seems to be that, where it is the purpose of the court to pass upon all the questions at issue, and to finally consider and determine concerning them, and make and enter a concluding order respecting them, without any intention of holding the matter in abeyance so that it may subsequently modify or revoke the order, the judgment so entered will be deemed to be final."

In *Baker* v. *Williams Banking Co.*, 42 Or. 213 (70 Pac. 711), it was ruled that a decree determining the validity of a claim against a fund in the custody of the officers of a court, derived from the assets of an insolvent corporation, which decree was made prior to the final settlement of its estate, was a final adjudication of the right to participate in the fund, and could not thereafter be controverted by the then parties to the proceeding."

It is stated in 2 High on Injunctions (4 ed.), Section 1477, thus:

"If, however, the dissolution leaves nothing more to be decided in the injunction suit, it is proper for the court to order the case stricken from the docket, nothing more remaining to be tried in the action. And since a motion to dissolve for want of equity in the bill operates as a demurrer, a decree sustaining such motion and dissolving the injunction is final if no other relief is sought in the case, and an appeal will lie from such decree."

This statement is based upon the cases in the State of Illinois.

The general rule is stated in 3 C. J. 455, Section 266, as follows:

"In some jurisdictions the statute authorizes an appeal from an order which in effect determines the action or proceeding and prevents a judgment from which an appeal might be taken, or from an order which affects a substantial right, when such order in effect determines the action or proceeding and prevents a judgment or decree therein, or a final judgment therein, or prevents a judgment from which an appeal might be taken, or discontinues the action. As indicated above, the language of the statutes varies somewhat in the different jurisdictions, but their effect is substantially the same. Under such a provision an order, to be appealable, must not only

affect a substantial right, where this is required, but must also in effect determine the action and prevent a judgment or decree therein.'' Citing, among other cases, *Medford First Christian Church* v. *Robb,* 69 Or. 283 (138 Pac. 856); *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964); *Rockwood* v. *Grout,* 55 Or. 389 (106 Pac. 789); *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145).

Applying the test prescribed by our statute and the announcements of this court in the cases above cited, it may be said that the order dissolving the temporary injunction affected a substantial right. The order does not in effect determine the suit so as to prevent a judgment or decree therein. In so far as the record shows the action is still pending and in the ordinary course will be decided and determined and a final decree entered from which an appeal can be taken to this court. Should the appeal from this intermediate order be allowed and the one taken from the final decree in the suit, two appeals would be taken in the suit in which the same matter, namely, the order dissolving a temporary injunction, could be reviewed. Upon the final hearing the Circuit Court may render a decree making the injunction perpetual thereby, revoking the intermediate order dissolving the same: *State ex rel. Downing,* 40 Or. 309, 313 (58 Pac. 863, 66 Pac. 917).

7. It might further be noted that the right of appeal from an interlocutory decree is by the statute especially limited to suits in partition, and no others. The inclusion in the statute of an interlocutory decree in a suit for the partition of real property has the effect of excluding any other intermediate decree. The right of an appeal from an interlocutory order, or decree, is properly a matter for legislative consideration. Some statutes make it proper for an

appeal from such an order or decree.  Had our law-
makers intended to allow the right of appeal from
an interlocutory decree, granting or refusing, or dis-
solving a temporary injunction, it seems they would
have so provided in plain terms.  An appeal is not a
matter of primary right, it is a privilege, and he who
would enjoy that privilege must show some statute
conferring it upon him.  *State ex rel.* v. *Simpson,* 69
Or. 93 (137 Pac. 750, 138 Pac. 467); *Livesley* v. *Lan-
don,* 69 Or. 275 (138 Pac. 853).  The complaint in
this case seeks the following relief: (1) a temporary
injunction.  (2) ''That said judgment against the
plaintiff Einor W. Anderson be decreed to be satis-
fied and extinguished by reason of the satisfaction
under the sale of the Washington judgment.''

The appellants rely principally upon the opinions
of this court in the cases of *Malagamba* v. *McLean,*
89 Or. 302 (161 Pac. 560, 173 Pac. 1177), and *Birke-
meier* v. *Milwaukie,* 76 Or. 143 (147 Pac. 545).
Plaintiffs state that the ruling in the latter case was
adhered to by this court in the case of *Salem Kings
Prod. Co.* v. *La Follette,* 100 Or. 11 (196 Pac. 416).
In *Malagamba* v. *McLean* the opinion was rendered
upon a motion to dissolve a temporary injunction
issued by this court.  In that case Malagamba com-
menced the suit against the McLeans and the sheriff
to stay the progress of the execution issued on a
judgment in favor of Irena C. McLean against Arch
McLean and D. Malagamba, partners.  The defend-
ants demurred to the complaint filed by Malagamba
and the Circuit Court sustained the demurrer; the
plaintiff refusing to plead further, the court dis-
missed the suit.  Malagamba appealed to this court.
Therefore, there was no question about the appeal
being from a final decree.  After the appeal, upon

the application of Malagamba, this court issued an
order staying the execution on the Irena C. McLean
judgment until the final hearing of the suit. The de-
fendants moved for a dissolution of the restraining
order. The court having jurisdiction of the matter
and the appeal being regular, the injunction was con-
tinued until the final hearing of the case. That case
was entirely different from the suit in hand. The
appeal was not there taken from an intermediate
order. If the case in hand had been regularly ap-
pealed from a final decree and the question of the
issuance of a restraining order was before us, we
should give the matter very serious consideration
before denying the application.

*Birkemeier* v. *Milwaukie, supra,* was a suit by
Birkemeier against the town of Milwaukie to enjoin
the municipality from proceeding in the matter of
water works. Upon a hearing of the cause upon
plaintiffs' demurrer to defendants' answer therein,
the court overruled the demurrer and dissolved the
injunction theretofore issued and the plaintiffs there-
upon appealed. The defendants contended that the
order was not appealable within the meaning of Sec-
tion 548, L. O. L., and moved to dismiss the appeal.
The motion was heard before Mr. Justice HARRIS
and the opinion written by the same Justice. The
opinion holds that the ruling upon the demurrer did
not have the effect of deciding the suit and that the
order overruling the demurrer was not appealable.

In regard to that part of the appeal relating to
the dissolution of the temporary injunction, Mr. Jus-
tice HARRIS states thus: "Ordinarily, an order grant-
ing or denying a preliminary injunction is not ap-
pealable: *Helm* v. *Gilroy,* 20 Or. 520 (26 Pac. 851);
*Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863)." On

account of the importance of the question there involved the motion to dismiss was denied with permission for defendants to renew their motion at the final hearing, which was set for a date seven days later. The appeal in that suit was dismissed on stipulation and no final hearing was ever had. No final action was ever taken on the motion to dismiss the appeal. The case is not authority for an appeal from an intermediate order dissolving a temporary injunction.

This conclusion is shown by the opinion of the same learned Justice in the case of *Salem Kings Prod. Co.* v. *La Follette,* 100 Or. 11 (196 Pac. 416), which was an appeal from an order from the Circuit Court granting a preliminary injunction before the final termination of the suit in the Circuit Court. La Follette appealed from the order granting the injunction. In a lengthy discussion of the question Mr. Justice HARRIS states, among other things:

"If, therefore, the injunction order made in the instant case is not an appealable order, then the only method by which it can be presented to this court is by an appeal from the decree rendered in the suit. Ordinarily an order granting or dissolving a preliminary injunction is not appealable for the reason that it is an intermediate order and is usually temporary and devoid of the quality of a finality: *Helm* v. *Gilroy,* 20 Or. 517, 520 (26 Pac. 581); *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863); *Fowle* v. *House,* 26 Or. 587 (39 Pac. 5); *Birkemeier* v. *Milwaukie,* 76 Or. 143, 150 (147 Pac. 545). La Follette urges that the order for an injunction made in this case is appealable for the reason that it was made without jurisdiction and consequently is void; and that the order, being void, is a final order within the meaning of prior holdings."

After discussing the latter question raised by La Follette, the court held that the appeal should

be sustained for the reason that it was taken from a void order. The case is not analogous to the present case. No decision of this court is cited by counsel authorizing an appeal from an intermediate order granting or dissolving a preliminary injunction and we find none.

The rule that an order made on a motion to dissolve a preliminary injunction which does not otherwise dispose of the case is not final but interlocutory, is supported by the authorities. Note, Ann. Cas. 1912C, 898, and cases there cited.

8. This court has no jurisdiction to entertain this appeal or to issue a restraining order during the pendency of the cause. It follows that the application for a continuance of the injunction must be denied and the appeal dismissed.

APPEAL DISMISSED.