DE MUNIZ, J.,
concurring.
I concur in the court’s conclusion that we must dismiss this appeal for lack of jurisdiction. I write separately, however, to express my concern regarding the legislatively prescribed procedures to bring an interlocutory appeal to this court in a victims’ rights case.
This is the fourth interlocutory appeal of an order involving crime victims’ rights that this court has received since the voters adopted Article I, sections 42 and 43, of the Oregon Constitution in 1999. Of those four, three suffered from fatal jurisdictional defects and had to be dismissed. Only one was able to proceed to an opinion on the merits.
The first appeal, State v. Mann (SC S059297), was jurisdictionally defective because the victim did not serve the notice of appeal on the prosecuting attorney and the Attorney General in a manner calculated to ensure that it was received on the same date that the notice of appeal was filed with this court. See ORS 147.537(8)(b) (so requiring); ORS 147.537(11)(a)(B) (“service of the notice of interlocutory appeal within the time limits described in subsection (8) of this section” is “jurisdictional and may not be waived or extended”).
The second notice of appeal, State v. Barrett (SC S059408), was jurisdictionally defective because the victim had not timely served the Office of Public Defense Services. See ORS 147.537(6)(h) (requiring service on “[t]he office of public defense services established under ORS 151.216, if the defendant is represented by appointed counsel”); ORS 147.537(8)(c) (with exceptions not applicable here, the notice of appeal must be served so that it is received by *44 the served party “no later than one judicial day after the notice [of appeal] is filed”); ORS 147.537(11)(a)(B) (“service of the notice of interlocutory appeal within the time limits described in subsection (8) of this section” is “jurisdictional and may not be waived or extended”). That notice of appeal was dismissed. Because this court had quickly issued an order to show cause regarding the issue, however, the victim still had time to file and serve a new notice of appeal. That third notice of appeal (SC S059423) proceeded to an opinion on the merits. State v. Barrett, 350 Or 390, 255 P3d 472 (2011).
The fourth appeal is the present case. As we have explained, it is jurisdictionally defective because the notice of appeal was not filed within seven days after the trial court had “issued” its order. See ORS 147.537(8)(a) (requiring notice of appeal to be filed within that time frame); ORS 147.537(ll)(a)(A) (time to file notice of appeal is jurisdictional).
Of the four interlocutory appeals of an order involving crime victims’ rights, then, three failed because procedural errors deprived this court of jurisdiction. Only one case proceeded to an opinion on the merits, and that was simply and solely because the victim had time to file a corrected and jurisdictionally proper notice of appeal. Even though these appeals involve constitutional rights — with all the importance that the constitutional grant of those rights suggests — we cannot ignore legislatively prescribed limitations on the ability to appeal decisions involving them. See State v. Endsley, 214 Or 537, 539, 331 P2d 338 (1958) (in civil and criminal cases, “[a]n appeal is not a matter of absolute right, but a statutory privilege” (citations omitted)); Anderson et al. v. Harju et al., 113 Or 552, 556, 233 P 848 (1925) (“The right of appeal is wholly statutory and the methods of procedure therein are such only as the statute provides.”). See also ORS 147.535(1)(a) (appeal or review of orders involving crime victims’ rights must be “solely as provided” by identified statutes).
In ORS 147.500 to 147.575, the legislature has faithfully attempted to create procedural mechanisms for victims to seek to enforce the rights created by Article I, *45 sections 42 and 43, of the Oregon Constitution, while at the same time preserving the right of criminal defendants to, among other things, a speedy trial (Or Const, Art I, § 10: “justice shall be administered * * * without delay”). The legislature since has eased some of the statutory restrictions on appeal: In the wake of this court’s dismissal of Mann, the legislature loosened the service requirements for the notice of appeal somewhat, modifying ORS 147.537 to add a new subsection (20) that allows the notice of appeal to be served by e-mail or by fax. Or Laws 2011, ch 659, § 4. Later events have shown, however, that additional legislative attention is necessary. The existing scheme for challenging trial court orders involving crime victims’ rights apparently is unnecessarily confusing to the bar and trial bench. When constitutional rights are too constrained by procedural limitations, they effectively may become valueless.
I concur.